BOLIN, Judge.
Plaintiff filed suit against the defendant its the insurer of Orchid Cleaners for the loss of certain items of clothing deposited with the cleaners at its establishment at Shreveport, Louisiana. The amount sued for is One Thousand Fifteen and No/100 ($1015.00) Dollars, representing the cost of the clothing when new. The lower court denied the damages prayed for and plaintiffs have perfected this appeal. The owner of the establishment was not made a party defendant, therefore, the issue of liability of the depositary is not before this court.
The undisputed facts show that Mrs. Prince deposited the clothing in May of 1959, for cleaning and mothproofing. She returned approximately ten days later, and after viewing the items on the rack, she decided they were too heavy for her to ■carry so she left them. Some two or three months later she returned to claim the ■clothes, but after a search of the premises they were found to be missing.
It appears the “business” was transferred by Mr. Willis to Mr. Mims on April 7, 1959, ,and on the same date the fixtures were conveyed to Mr. Lachle. On June 1, 1959, Mr. Mims transferred the “business” to Mr. Lachle. Therefore, at the time of deposit of the clothing, Mr. Mims was the operator of the establishment and, when demand was made for them, Mr. Lachle was the owner of the cleaners.
The insurance policy sued on was originally issued to Mims and then transferred to Lachle. The pertinent provisions of the policy read:
“This Policy Insures Against:
“3 * * *
“(e) Theft, except as hereinafter excluded;
* * * * * *
“This Policy Does Not Insure Against
“4. (a) Theft or shortage of individual pieces or articles unless by burglary or holdup * * * ”
Therefore, the issue presented to this court for determination is whether plaintiffs have carried the burden placed upon them of proving theft within the terms of coverage contained in the policy.
Plaintiffs, pursuing the burden of proof placed upon them, introduced the testimony of Mr. Brumfield, operator of a business adjacent to the cleaners. He stated that he saw Mr. Willis, a former owner, coming out of the cleaners early one morning some time in May, and after Brumfield understood the cleaners had changed hands. At this time, Willis did not' have any clothes or other articles. There was also testimony introduced that ten or twelve other claims for missing articles had been filed-and financial arrangements made concerning these "claims. This, and the fact that the clothes were missing, was the only evidence concerning theft by any person.
Therefore, plaintiffs having shown the circumstances outlined above, contend such evidence is sufficient to raise a presumption of theft within the coverage afforded by the policy.
For a correct construction of the contract of insurance and determination of the issue before us, it is necessary to examine the definitions of theft, burglary and holdup. Theft is defined in LSA-R.S. 14:67 as:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. * * * ”
*73 Burglary is defined in two sections of the revised statutes and consists of two types. LSA-R.S. 14:60 reads:
“Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
“(1) Is armed with a dangerous weapon; or
“(2) After entering arms himself with a dangerous weapon; or
“(3) Commits a battery upon any person while in such place, or in entering or leaving such place. * * * ”
LSA-R.S. 14:62 reads:
“Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60 * * * ”
Burglary at common law is defined in Black’s Law Dictionary as :
“The breaking and entering the house of another in the nighttime, with intent to commit a felony therein, whether the felony be actually committed or not.”
Holdup is defined in 77 C.J.S. Robbery § 1, p. 448 as:
“An assault for the purpose of robbery, originally on traveling parties in the western United States; to stop for the purpose of robbing. * * * While the term ‘holdup’ * * * has acquired the general meaning of to rob in general, strictly speaking it signifies the assault rather than the robbery. The term arose from the accompanying demand to hold up hands. The element of place or environment is gone from it, and robbery by holdup is used to signify any form of robbery by the use of force. * * * ”
Plaintiffs contend that the case of Holder v. Lockwood, La.App. 2 Cir., 1957, 92 So.2d 768, is authority for sustaining their position that sufficient proof of theft has been made. However, the trial judge made, in our opinion, a valid factual distinction between that case and the one at bar. In his written reasons for judgment he stated:
“Plaintiff cites the case of Holder v. Lockwood, 92 So.2d 768. The facts in the cited case are altogether different than the facts in the case at bar. There, plaintiff sued the owners of a cleaning establishment and recovered judgment against them. The defendant called in the insurance company, who defended on the ground that the policy did not cover the loss, as the policy excluded ‘theft by or infidelity of any person in the service or employment of the assured, whether or not occurring during the hours of service or employment.’ The evidence showed that the cleaning establishment attached two tickets to the clothing when cleaned; that when the clothing was delivered, one ticket was removed and kept by the cleaning establishment, and the other delivered to the customer; that the clothes were delivered to someone and the charges therefor paid, one ticket was removed from the clothing and was in the possession of the cleaning establishment ; hence, the clothing had been delivered to someone by reason of misrepresentation. The court concluded that this established a theft, and the policy in the cited case covered theft. No such facts exist in the present case.” (Emphasis ours.)
 We are aware that a plaintiff in a civil suit does not carry the same heavy burden of proof as does the prosecution in'a criminal case and does not have to prove his *74 case beyond a reasonable doubt. Nevertheless, the plaintiff does have to sustain his position by a fair preponderance of the evidence. Livermore v. Union Indemnity Co., 1932, 175 La. 610, 143 So. 708. In this controversy, we agree with the lower court and do not think that the evidence introduced' by plaintiffs does more than raise a somewhat dubious presumption of theft or misappropriation of any nature included within the coverage outlined in section 3(e) of the policy. This is not sufficient to sustain a judgment for plaintiffs herein.
The conclusion reached with regard to liability of the insurer under the policy precludes the necessity of considering defendant’s further contentions that plaintiffs have not proven the value of the missing articles.
Therefore, the judgment of the district court is sustained at appellant’s cost.
Affirmed.
AYRES, J., dissents.