See, also, *Karl* v. *Jackson*, 12 Ohio App., 477, and 11 Ohio Jurisprudence (2d), 388, Contracts, Section 143.

We also determine that the doctrine of merger does not obtain in the instant case. Where the acceptance of a deed is induced by false representations, or by representations that in the exercise of reasonable diligence one should know to be false, the representations and the deed are distinct and the representations are not merged in the deed.

For the foregoing reasons, the judgment of the court below is reversed as contrary to law and the cause remanded for further proceedings according to law.

*Judgment reversed.*

SKEEL, C. J., and WASSERMAN, J., concur.

ALEXANDER ET AL., APPELLANTS, *v.* IVEY ET AL., APPELLEES.

[Cite as Alexander v. Ivey, 1 Ohio App. 2d 249.]

(No. 1028—Decided September 20, 1963.)

*Messrs. Robenalt, Daley, Balyeat & Balyeat*, for appellants.

*Mr. John R. Beck* and *Mr. Gregory C. Karas*, for appellees.

*Per Curiam.* This appeal on questions of law from an action in the Common Pleas Court of Logan County, to cancel and set aside a lease and to place the plaintiff-lessors in possession of premises heretofore possessed by the defendants by virtue of that lease, involves the issue of whether, under the usual covenant for re-entry upon breach of the other covenants of the lease, the plaintiff-lessors have the right to re-enter the premises by reason of an alleged illegal sale of liquor on such premises by the defendant-lessees on October 18, 1961.

The lease contained, among other things, the following covenant:

"Lessees agree not to * * use said premises for any unlawful purpose; * * to conform to, and obey applicable laws and ordinances, governmental rules and regulations, pertaining to use and occupancy of the said premises."

Section 4399.03, Revised Code, provides as follows:

"The unlawful sale or gift of intoxicating liquors shall forfeit all rights of the lessee or tenant under any lease or contract of rent upon premises where such unlawful sale or gift takes place."

In the trial of this action there was conflicting evidence offered as to whether an unlawful sale of intoxicating liquor had taken place as alleged by the plaintiffs and, among other things, the plaintiffs offered in proof thereof a certificate under the signature of the Director of the state of Ohio Department of Liquor Control, to the effect that the records of that department show that on Sunday, September 3, 1961, Hubert B. Ivey, one of the defendants, did on such premises sell intoxicating liquor in violation of the provisions of the Liquor Control Act, and that by reason thereof his permits to sell intoxicating liquor were suspended for a period of 14 days beginning at noon on October 24, 1961.

The trial court in its judgment dismissed the plaintiff's petition and in an opinion filed in such cause said, among other things:

"The court feels that four years of the leasehold had gone by; that the lessees held options for additional period totaling 20 years; that the statutes and cases cited thereunder by the plaintiffs do not look to one Sunday sale with the lessee practically acquiescing to the suspension because, the suspension wasn't going to hit him during a normal business period, therefore the motion of the defendants is well taken."

The trial court, concluding that more than one Sunday sale was necessary to cause a forfeiture of the lease, and there being no claim or evidence of more than one unlawful sale, made no finding or determination as to whether one "unlawful sale of intoxicating liquors" had actually taken place.

In this appeal, the appellants, plaintiffs below, claim that the judgment of the trial court was contrary to law and against the weight of the evidence.

Although the conclusion of the trial court may be valid that more than one unlawful sale would be necessary in order to show the breach of the above quoted covenant from the lease with respect to the "use and occupancy of the said premises" (see, for example, *Murphy* v. *Traynor*, 110 Colo., 466, 136 P. (2d), 230, 145 A. L. R., 1059, and annotation, 145 A. L. R., 1063), we are not in accord with such conclusion with respect to the application of the provisions of Section 4399.03, Revised Code, hereinbefore quoted. In our opinion the provisions of that statute become a part of such lease by operation of law; they are specific; they do not apply to an "unlawful use or occupancy" of premises which would, in ordinary circumstances, be required to extend over a period of time; but, instead, such provisions operate to cause the forfeiture of "all rights of the lessee" under his lease by reason of any single "unlawful sale or gift of intoxicating liquors" upon the premises which are the subject of the lease.

Where the penalty to be imposed by reason of an unlawful sale is a criminal penalty, a conviction would be necessary and the proof of the offense would have to be beyond a reasonable doubt. However, where the penalty to be imposed is the forfeiture of a right under a contract the proof in a civil action of

the fact of the unlawful sale may be by a preponderance of the evidence without proof of any criminal conviction for such sale.

We conclude that the trial court committed error in its determination that more than one unlawful sale was required to cause a forfeiture of the lease under the provisions of Section 4399.03, Revised Code. However, since the trial court made no determination as to the existence in fact of one unlawful sale, and since the evidence pertaining thereto is in conflict, the judgment must be reversed and the cause must be remanded to the trial court for such determination and, subject to such determination, entry of judgment in accordance with the provisions of such statute as herein construed.

As the trial court entered its judgment pursuant to the sustaining of defendants' motion for an order dismissing plaintiffs' petition, which motion was made at the close of all of the evidence, the remand shall be merely for a determination of the existence in fact of an unlawful sale, the reconsideration and redetermination of that motion, and for further proceedings as provided by law, a complete new trial neither being required nor authorized.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.

YOUNGER, J., dissenting. The only question here presented is whether the action of the trial court in granting defendants' motion for judgment at the conclusion of all the evidence and in dismissing the petition of plaintiffs was error prejudicial to the plaintiffs. The reasons assigned by the trial court for its action are immaterial.

As pointed out in the majority opinion the evidence was in conflict and the trial court made no determination as to whether one unlawful sale was actually consummated. In my opinion the record discloses sufficient evidence of probative value which if believed by the trial court as the trier of the facts would justify a finding that no unlawful or Sunday sale was in fact made, from which it would follow that judgment should be entered for the defendants and the petition of the plaintiffs should be dismissed.

I must, therefore, dissent from the judgment herein reversing the trial court and remanding the cause as in my opinion the action of the trial court should be affirmed.