100 Ill. App.2d 108 (1968)
241 N.E.2d 495
Mario Lombardo, Plaintiff-Appellant,
v.
Board of Education of School District No. 27, Cook County, Illinois, Defendant-Appellee.
Gen. No. 51,916.
Illinois Appellate Court  First District.
October 7, 1968.
*109 Ligtenberg, Goebel and De Jong, of Chicago (John Ligtenberg, Andrew J. Leahy, and Mary Lee Leahy, of counsel), for appellant.
Norman, Engelhardt, Franke & Lauritzen, of Chicago (Ralph Miller and Allyn J. Franke, of counsel), for appellee.
CULBERTSON, J.
Plaintiff, Mario Lombardo, was by resolution of the Board of Education of School District Number 27, Cook County, Illinois, dismissed as a teacher therein. At the time he was engaged in contractual continued service under the Teacher Tenure Law. Charges as set forth in the resolution for dismissal were made against plaintiff, and said charges were considered by the Board to be not remediable. The resolution for dismissal is as follows:
RESOLVED that Mario Lombardo is hereby dismissed as a teacher in this District, the effective date of such dismissal to be immediately before the close of the current school term, that is, June 10, 1966, and that such dismissal is based upon the following charges, causes and reasons:
CHARGES
I. He has demonstrated continued emotional instability both in and out of his classroom, rendering him unsuitable to continue as a teacher in this District.
II. By his activities in his classroom he has prejudiced the best interests of the School District.
III. He has demonstrated a lack of fitness to continue as a teacher in any school in this District.
IV. He has been guilty of unprofessional conduct.
V. He has been guilty of immoral conduct in the school building.

*110 VI. The best interests of the school require his dismissal.
RESOLVED FURTHER that in the opinion of this Board of Education the foregoing charges are on account of causes which are not considered remediable.
Plaintiff was furnished a Bill of Particulars and a Supplemental Bill of Particulars.
In response to the charges set forth in the resolution for dismissal, plaintiff demanded a public hearing, as was his right so to do. A public hearing was had resulting in plaintiff's dismissal by final Board decision, which is as follows:

RESOLUTION
RESOLVED that the resolution of the Board of Education of School District No. 27, Cook County, Illinois, to dismiss Mario Lombardo as a teacher in this District, the effective date of such dismissal to be immediately before the close of the current school term, that is, June 10, 1966, be and hereby is confirmed, and that such dismissal be and hereby is approved, pursuant to the following decision of this Board rendered this 23rd day of May, 1966:

DECISION
I. THE CHARGES. It is the decision of this Board that the evidence adduced at the hearing commenced on April 19, 1966, and concluded on April 20, 1966, sufficiently supports the charges (I through VI inclusive) previously served upon Mario Lombardo. In the opinion of the Board the testimony of Glen L. Estle, Superintendent, coupled with the letter of October 19, 1965, identified at the hearing as Board Exhibit 2, and buttressed by the testimony of Steven Georgas (a witness for the teacher), demonstrate to this Board that Mario Lombardo lacks sufficient emotional stability both in and out of his classroom *111 to continue as a teacher in this District. It is the further decision of this Board that the foregoing evidence, examined in the light of the letter of May 11, 1965, directed to Mario Lombardo by Glen L. Estle, offered and accepted in evidence as Teacher's Exhibit 2, demonstrate that such emotional instability is not a remediable condition.
The Board has heard, weighed and carefully considered the testimony of four pupils, viz., Barbara Kolb, Frank Sanders, Kaye Brown and JoAnne Chavanne. The Board had ample opportunity to observe the bearing and demeanor of those witnesses both under direct and cross-examination. In the opinion of the Board they were truthful, and their testimony persuasive.
The Board further had ample opportunity to observe the bearing and demeanor of Mario Lombardo as he testified. The Board is not persuaded by his testimony. The Board likewise had ample opportunity to consider the testimony of Bruce Sutter and Nancy Kampf, students in the school. It is the opinion of the Board that the testimony of these students, though truthful, does not refute or rebut the testimony of Barbara Kolb, Frank Sanders, Kaye Brown, and JoAnne Chavanne.
The testimony of Elaine Heidelmeier, secretary to Mr. Estle, was not rebutted. It is the opinion of the Board that Mario Lombardo's emotional state, as urged by his own counsel in closing arguments, does not excuse his conduct as described by Elaine Heidelmeier.
It is the decision of the Board that the evidence described above amply supports the charges.
At the public hearing plaintiff was represented by counsel, as was the Board of Education. The record discloses a full, orderly hearing was had, with full opportunity to all parties to present their evidence. From the final Board decision, hereinbefore set forth, the plaintiff *112 sought relief by Administrative Review, and the relief was denied him by a final judgment order of the Circuit Court of Cook County, Illinois. This appeal follows, wherein plaintiff asks that we reverse the Board decision.
We now give consideration to the evidence produced on the hearing. The witness, Barbara Kolb, testified in February, 1965, she was in plaintiff's band class and when he taught he made her sit between his legs and put his arms around her, and put his hands on her chest. She further testified he touched her with the palms of his hands six or seven times. She thought he did it accidentally and when she tried to push his hands away, he replaced them. She further testified in February, 1965, he put his elbow in her lap and his hand on her chest. In September, of 1964, the witness testified plaintiff kissed her on the cheek and would stick his tongue in her ear. She further testified plaintiff kissed her on the face and cheek a lot. She also testified she had witnessed plaintiff touch or kiss Kay Brown when Kay Brown was in the seventh grade. The witness Kay Brown testified she was fourteen years of age, and in the eighth grade at the Grove School, where she had gone for three years; that she understood what an oath meant; and that she knew Mr. Lombardo; that he was her band and music teacher. She testified, among other things, that he touched her physically; he pushed her hair back and whispered in her ear; that he kissed her on her ear about four or five times in the seventh grade; and once he put his hands in her lap during the summer when she was in the sixth grade. This witness stated she left the band because of what he had been doing and that she told her parents about it and they said it was all right for her to leave the band. This witness further testified that she observed plaintiff Lombardo kiss a pupil by the name of JoAnne Chavanne, on the ear once or twice during the seventh grade. This witness testified that in her opinion these *113 occurrences could not have been accidents. A witness, John Frank Sanders, testified on the hearing, and among other things, stated that he was a pupil in the eighth grade at the Grove School, that he was fourteen years of age and understood what it meant to take an oath. This witness had been under Mr. Lombardo as a pupil, and that Barbara Kolb was in the class at the same time. This witness testified that in the fall of the seventh grade, 1964, he noticed Mr. Lombardo was hugging a lot of the girls, particularly Kay Brown, and that he also observed Mr. Lombardo hugging Barbara Kolb, Linda Palmer, and JoAnne Chavanne. This witness also corroborated the testimony of Barbara Kolb as to Mr. Lombardo's conduct toward Barbara Kolb in placing his elbow in her lap between her legs, and having his hand on her breast. The evidence discloses that this witness had had some trouble with Mr. Lombardo as his teacher and that, plaintiff contends, caused him to come forward and testify in this case in the manner in which the record reflects. There is also present in the record the testimony of one Elaine Heidelmeier, who is secretary to Mr. Estle, Superintendent of the School, and who is also secretary to the Board of Education. Miss Heidelmeier's testimony principally has to do with an instance when she contends Mr. Lombardo called her and asked her to destroy a letter which was in Mr. Estle's possession at that time, and the record discloses she declined so to do.
Mr. Glen Estle, who was superintendent of the school at the time these occurrences are alleged to have occurred, gave his testimony and among other things testified that, the first knowledge he had of the incidents which have been related in the evidence having occurred, came from a call he received from a Board member. Acting on that information this witness testified he called Mr. Lombardo into his office and had a discussion with him concerning the charges. Mr. Estle testified when they went *114 into a discussion about this matter, Mr. Lombardo became very emotional and went around the office crying and screaming, and he told Mr. Estle he was going to run off and he, Mr. Estle, should call his wife and tell her he was not going to come back again. Mr. Estle testified he continued to press Mr. Lombardo with regard to what he had done and that Mr. Lombardo made the statement that if he had done it, it was an accident. Mr. Estle testified Mr. Lombardo became emotional again and said he was going to write a resignation. A resignation was written and signed by Mr. Lombardo in which he wrote to the effect that he would resign at the end of the year, but this resignation was subsequently recalled and was never acted upon by the Board of Education.
Plaintiff, in answer to the testimony given against him by the three girls and the witness Sanders, and the other witnesses who gave their testimony, testified in his own behalf that he had touched no students improperly. Plaintiff also presented the testimony of two witnesses who said they did not see anything that occurred in the school room. There was also other evidence presented that concerned Mr. Lombardo having trouble with some other pupils who were later removed from his class and transferred to another class.
[1] It is the contention of the plaintiff on this appeal that the evidence to sustain the decision of the Board must be strong and convincing, akin to that required in criminal cases. We do not know of any Illinois case supporting this contention, nor has any case so holding been brought to our attention. We decline the suggestion to so hold.
[2, 3] The record in this case clearly demonstrates the Board adhered rigidly to the spirit and letter of the Teacher Tenure Act, and the teacher's hearing was a fair one (Anderson v. Board of Education of School Dist. No. 91, 390 Ill. 412, 434, 61 NE2d 562). The tenure provisions *115 of the School Code are not intended to preclude dismissal where the teacher's conduct is detrimental to the operation of the school (Pickering v. Board of Education of Tp. High School Dist. 205, 36 Ill.2d 568, 577, 225 NE 2d 1).
[4] The record discloses the hearing was conducted strictly in accordance with the provisions of the Teacher Tenure Act, which safeguards the rights of both Board and Teacher, and carefully delimits the nature of dismissal proceedings (Teacher Tenure Act, Chapter 122, Section 24-12, Illinois Revised Statutes). We are not at liberty to interfere with the discretionary authority vested in the School Board absent arbitrary or capricious action (Yuen v. Board of Education of School Dist. No. U-46, 77 Ill. App.2d 353, 357, 222 NE2d 570).
[5] We have carefully considered all the contentions advanced by plaintiff and it is our considered judgment that the action of the Board and the determination of the Circuit Court of Cook County on review are abundantly supported by the evidence and the law, and are correct and in nowise arbitrary or capricious. Said judgment is accordingly affirmed.
Judgment affirmed.
ALLOY, P.J. and STOUDER, J., concur.