**Sarah Penn Winkfield, Plaintiff-Appellee, v. American Continental Insurance Company, Defendant-Appellant.**

Gen. No. 52,869.

First District, Fourth Division.

May 7, 1969.

Edward A. Berman and Francis J. Valentine, of Chicago, for appellant.

Fischer, Guy, Jacobson & Pauker, of Chicago (Charles V. Hogren, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a $2,400 judgment, after a bench trial, in favor of plaintiff, the beneficiary of life insurance and accident insurance policies. Each policy was for $1,000 and the court added $300 for attorneys' fees for unreasonable refusal to pay and $100 for interest. Defendant raises two points on appeal: (1) the failure of plaintiff to comply with the terms and conditions of each of the two insurance policies precludes recovery at this late date; and (2) the trial court erred in assessing attorneys' fees against defendant for its refusal to pay plaintiff.

EVIDENCE

On November 2, 1961, Clarence Penn, husband of the plaintiff, disappeared while on a hunting trip near Rockford, Illinois. On November 9, 1961, attorney Clinton O. Sims, a friend of plaintiff, wrote a letter to defendant in the following language:

> Please be advised that your insured Clarence Penn of 6920 South Harvard was lost in the Pecatonica River on or about the 2nd day of November, 1961, at about 3:52 a. m. Mr. Penn fell in the river while traversing its banks with three companions who witnessed his death. To date his body has not been recovered.
>
> You will note that we are enclosing the premiums for payment of the insurance policies.
>
> It is suggested that this office be contacted as to your requirements for payment under the policies for the benefits. Please let me hear from you regarding this matter at your earliest convenience.

On January 2, 1962, defendant sent Sims claim and proof of loss (death) forms as prescribed by the two policies covering the decedent. Plaintiff testified that pursuant to Mr. Sims' advice she sent the sheriff's statement to defendant. She sent it with a short letter on

November 3 or 4, 1961, by registered mail. She also testified that she did not give Sims permission to write to the defendant nor did she give him any money to pay premiums. Some time later Sims called her and told her that he had a statement of claim; and she went over and picked it up. It was a blank from defendant to be filled out by her. About eight months or a year later she saw Attorney Altieri and gave him the forms but he told her that there was nothing he could do. Robert Johns, secretary-treasurer of defendant, testified that the letter from Sims dated November 9, 1961, was acknowledged by defendant on January 2, 1962; that no other communication was had with plaintiff until June 14, 1963, when Attorney Campbell contacted the defendant and detailed some of the facts of decedent's death. A subsequent letter dated September 19, 1963, from Campbell was received by defendant. It enclosed a newspaper story of the accident and a photocopy of a report by Deputy White to the Sheriff of Winnebago County. The report described the drowning and fixed the place as "near Trask Bridge." Attached to it were the statements of three witnesses. There was no explanation of the delay in making the claim nor any reference to any prior notice. The secretary-treasurer of defendant further testified that a determination was made two years after the date of death that defendant would not pay the claim.

OPINION

Defendant first argues that plaintiff's failure to comply with the terms and conditions of each of the insurance policies precludes recovery at the present time. There are two policies involved in this case, an accident policy and a life policy; we shall consider the questions raised by each separately.

(1) The Accident Policy. The relevant provisions of the accident policy are as follows:

NOTICE OF CLAIM: Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the Insured or the beneficiary to the Company at its General Office in Chicago, Illinois, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company.

CLAIM FORMS: The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within fifteen days after giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made.

PROOFS OF LOSS: Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

159

■■■■■■■■■■■■■■■

Since the defendant did not provide proof of loss forms within fifteen days after it received notice of loss, it was only necessary that plaintiff file within ninety days "written proof covering the occurrence, the character and the extent of the loss for which the claim is made." According to the policy this proof could be made within a year "if it was not reasonably possible" to give it within ninety days. Plaintiff claims that her testimony that she mailed the sheriff's report shortly after her husband's death satisfies the requirements of the policy.

■ It is generally established that the mailing of a properly stamped and properly addressed letter raises a presumption that the letter was received by the addressee. If the addressee denies the receipt of the letter then the presumption is rebutted and receipt becomes a question to be resolved by the trier of fact. Wigmore on Evidence, 3rd ed, Vol IX, § 2519; Keogh v. Peck, 316 Ill 318, 323, 147 NE 266; Alger v. Community Amusements Corp., 320 Ill App 184, 190, 50 NE2d 594; Talmage v. Union Central Life Ins. Co., 315 Ill App 623, 639, 43 NE2d 575. In the instant case there is testimony of the plaintiff that she mailed a letter containing the sheriff's report and there is evidence that the letter was not received by defendant. However, there is a question of whether there was sufficient proof of mailing to raise a presumption of receipt.

■ Plaintiff testified only that she sent a letter with a copy of the sheriff's statement to the defendant by registered mail. She did not describe the contents of the letter or of the sheriff's statement. She is not sure of the date on which it was mailed; she did not testify that the letter was properly stamped nor that it was properly addressed. Further, no receipt for the registry of the letter was introduced into evidence. We hold that there was not sufficient proof of mailing to raise the presumption of receipt by the defendant.

160

■ It is also argued that since plaintiff did not have to file the proof of loss forms provided by defendant, the letter from Sims was a sufficient written statement covering the occurrence to fulfill the insurance policy requirements. In Zorger v. Prudential Ins. Co. of America, 282 Ill App 444, the court quoted the following from Jarvis v. Northwestern Mut. Relief Ass'n, 102 Wis 546:

> The term "due proof" did not require any particular form of proof which the assurer might arbitrarily demand, but such a statement of facts, reasonably verified, as, if established in court, would prima facie require payment of the claim.

Since the Sims letter did not describe the precise location of the occurrence nor give the names or statements of the three witnesses, we must find that the letter did not comply with the standard set out in Zorger nor did it satisfy the proof of loss requirements of the policy, e. g., "written proof covering the occurrence." The proof of loss in the letters of Attorney Campbell were filed seven months after the expiration of the one year limitation of the accident policy. We cannot find that plaintiff proved compliance with the terms of the accident policy.

(2) The Life Policy. The relevant provision of the life policy is contained in the preamble of that document:

> [The Company] AGREES TO PAY to the Beneficiary at the Home Office of the Company in Chicago, Illinois, the Amount of Insurance Specified in the Schedule of Contract Information, immediately upon receipt on the Company's prescribed forms of due proof of the death of the Insured during the continuance of this contract, before the Maturity date, and while no premium is in default.

The sole question concerning the life policy is whether the required forms of due proof of death of the insured were

filed with the defendant. In order to recover under this policy the claimant must file with the defendant the defendant's "prescribed forms of due proof of the death of the Insured during the continuance of this contract . . . and while no premium is in default." It is admitted in the instant case that the plaintiff obtained the necessary forms from Sims to whom they had been forwarded by the defendant. There is, however, no evidence that plaintiff returned the completed forms to the defendant. Plaintiff claims, however, that "due proof" did not require any particular form of proof (Zorger v. Prudential Ins. Co. of America, 282 Ill App 444) and that proof was made either by plaintiff's mailing of the sheriff's statement or by Sims' letter. We have held that Sims' letter was insufficient to satisfy proof of loss requirements and that the testimony of plaintiff was insufficient to establish proof of mailing. There was no evidence that the life policy was in effect in June of 1963 when the sheriff's report was received by the defendant. Therefore plaintiff cannot recover under this policy.

Defendant's final contention on appeal is that the trial court erred in assessing attorneys' fees against it for its refusal to pay plaintiff. Since we have ruled that defendant is not liable to plaintiff under the two insurance policies in question we do not pass upon this point.

The judgment of the Circuit Court is reversed.

Reversed.

McNAMARA and STAMOS, JJ., concur.