STEPHEN YANG, Plaintiff-Appellant, *v.* SPECIAL CHARTER SCHOOL DISTRICT No. 150, PEORIA COUNTY, *et al.*, Defendants-Appellees.

(No. 72-268; )

Third District—May 9, 1973.

Franklin Renner, of Peoria, for appellant.

Julian Cannell, of Peoria, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Peoria County, Illinois, which affirmed a decision of the board of education of Special Charter School District No. 150, Peoria County, Illinois, approving the dismissal of Stephen Yang, a teacher.

Proceedings against Stephen Yang commenced on December 20, 1971, when the school board adopted a resolution for his dismissal, to be effective February 25, 1972, and for his immediate suspension without salary, and also served written notice of charges upon him as required by section 24—12 of The School Code. (Ill. Rev. Stat. 1971, ch. 122, sec. 24—12). The notice of charges read in part as follows: "Please be notified that effective February 25, 1972, or sixty days from the date of service of this notice, whichever is later, you are dismissed as a teacher in District 150, Peoria, Illinois, and that such dismissal is based upon the following charge: That on or about December 7, 1971, at 10:00 o'clock P.M. you were in an automobile parked near the McClugage Bridge in East Peoria, Illinois, with a female student enrolled in Peoria High School, who is less than 18 years of age, and that at said time and place both you and this student were either naked or partially undressed; that you were so observed at said time and place by an officer of the East Peoria Police Department, and that the foregoing facts have become known to the public by reason of the filing of a police report and a criminal complaint based thereon." The notice also contained a statement, as required by section 24—12 of The School Code, that a bill of particulars would be provided on receipt of a timely request, and a copy of section 24—12 was attached.

Thereafter a bill of particulars was requested, it was furnished, a hearing was requested, and a public hearing was provided. Evidence

was heard by the board in the evenings from January 17 through January 21, 1972. The board heard six reputation witnesses and seven character witnesses called by the teacher, but the hearing officer employed by the board refused to allow eleven other witnesses to testify as to the teacher's good character and reputation. The hearing officer also refused to allow into evidence the teacher's acquittal of the criminal charges following a jury trial. On January 21 the board rendered a unanimous decision approving its previous dismissal of the teacher. It found that both the teacher and the student had been either naked or partially undressed in the automobile, that the impact of this on the district's schools was not remediable, and that dismissal of the teacher was in the best interests of the schools. Then on February 28 the teacher filed a complaint for administrative review, and from the Circuit Court's adverse judgment on his complaint the teacher has taken this appeal.

The teacher contends that he was denied due process because the board was not an impartial fact finder, that the board did not follow the procedure required by section 24—12 of The School Code because the dismissal preceded the hearing, and that the hearing officer erred in denying the admission of additional character and reputation testimony and the verdict of not guilty.

■■ He argues that a teacher with tenure has a property interest subject to procedural due process protection (*Perry v. Sindermann,* 33 L.Ed.2d 570, 580); that due process requires an "impartial decision maker" (*Goldberg v. Kelly,* 25 L.Ed.2d 287, 301) who did not initially deal with the case (*Morrissey v. Brewer,* 33 L.Ed.2d 484, 497); that a school board under section 24—12 formulates, prosecutes, and punishes charges (*Pickering v. Board of Education,* 36 Ill.2d 568, 585 (dissenting opinion), *rev'd,* 391 U.S. 563, 20 L.Ed.2d 811); and that the United States Supreme Court has adverted to "the obvious defects in the factfinding process occasioned by the Board's multiple functioning" (*id.,* 20 L.Ed.2d at 823, n. 14). However, these questions were asked of the teacher and these answers given by him at the hearing: "Mr. Yang, do you deny you were playing strip poker with Miss Spencer on the evening of December 7th, 1971 in Cooper Park?" "I do not deny that." "Do you deny, sir, that you had removed a portion of your clothing at that time and place?" "I do not deny that." Therefore, since the teacher unequivocally admitted the misconduct with which he was charged by the board, we need not consider his arguments relating to the fact-finding process. "In such a circumstance," it has recently been held, "the function of procedural protections in insuring a fair and reliable determination of the * * * factual question * * * is not essential." *Betts v. Board of Education of City of Chicago,* 466 F.2d 629, 633.

■■ The teacher argues, also, that his dismissal should not have preceded his hearing, and that he should have been given not a notice of dismissal but a notice of charges under the statute. However, his dismissal was stated to be effective at a later date, as contemplated by section 24—12, and the notice given him was both a notice of dismissal and the written notice of charges which section 24—12 requires. We believe the notice was in proper form and the procedure followed was in compliance with statute. See *Lombardo v. Board of Education*, 100 Ill. App.2d 108.

■■ The teacher further argues that the board's hearing officer erred in not permitting all of the teacher's character and reputation witnesses to testify, and in not permitting proof to be made that the jury had found him not guilty of the criminal charges which had been placed against him. Limiting the number of witnesses was a matter of discretion (*Geohegan v. Union El. R.R. Co.*, 266 Ill. 482, 486), and we think no abuse of discretion appears from the facts of this case.

■■ It is generally held that a prior acquittal in a criminal prosecution is not admissible in evidence in a civil action to establish truth of facts on which it is based; but where an acquittal is an element or a fact to be proved in a civil action it is competent. (29 Am.Jur.2d Evidence, Sec. 335; Annotation: 31 A.L.R. 270, Sec. 18 A.L.R.2d 1315, Sec. 6; 71 Ill. 209.) In the case at bar, the charges themselves refer to the collateral criminal action and we therefore believe that the acquittal should have been admitted. However, we do not deem such error prejudicial in view of the teacher's own admissions.

For these reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and STOUDER, J., concur.