JANICE DI CAPRIO, Plaintiff-Appellee, *v.* JAMES F. REDMOND *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 61386

Opinion filed May 25, 1976.

Michael J. Murry, of Chicago (Mel Gaines, of counsel), for appellants.

John R. Ryan, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal by the Chicago Board of Education from a judgment of the circuit court of Cook County reversing the action of the Board

wherein plaintiff was ordered, after proceedings in conformance with the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 34—85), dismissed from her teaching position.

In this court the parties posit the issue regarding the manifest weight of the evidence.

Plaintiff was charged with conduct unbecoming a teacher and with failure to discharge her duties as a teacher in the Chicago Public Schools. The specifications were as follows:

### "SPECIFICATIONS

1. During the period from May 16 through October 17, 1972, JANICE DICAPRIO failed and refused to supervise children on her assigned duty post during recess at the VON HUMBOLDT ELEMENTARY SCHOOL.

2. During the period of May 19 to October 13, 1972, JANICE DICAPRIO failed and refused to attend faculty in-service meetings.

3. On or about September 22, 1972, JANICE DICAPRIO brought her second grade class to the office of the principal and left them there without supervision.

4. From September, 1972 through December 12, 1972, JANICE DICAPRIO failed and refused to designate or allow second grade children with language defects to participate in the TESL program and failed and refused to permit second grade children to participate in speech correction programs.

5. On May 16, 1972 JANICE DICAPRIO was served with an E-1 warning notice that her conduct as a teacher was unsatisfactory for the reasons stated therein.

6. Between May 16, 1972 and October 16, 1972, the principal of the VON HUMBOLDT elementary school and the District Superintendent gave numerous instructions, suggestions and recommendations to JANICE DICAPRIO for the improvement of performance as a teacher. She repeatedly failed to follow the directions of the principal and the District Superintendent. October 16, 1972 she was served with an E-2 notice that her efficiency rating was unsatisfactory.

7. During the period from June 15, 1972 through November, 1972, JANICE DICAPRIO used insulting and derogatory language when addressing the principal and other members of the faculty at the VON HUMBOLDT school.

8. On February 2, 1973, JANICE DICAPRIO disrupted a faculty in-service meeting by making statements racially defamatory to

the PUERTO RICAN people. [By stipulation of parties, this specification was stricken.]

9. On February 22, 1973, JANICE DICAPRIO was suspended from her duties pending trial on charges of conduct unbecoming a teacher and failure to discharge her duties as a teacher in the Chicago Public Schools."

The findings were as follows:

"1. That the written charges and specifications as hereinabove set forth were properly filed by the General Superintendent of Schools against JANICE DiCAPRIO, an Elementary School teacher employed by the Board of Education of the City of Chicago;

2. That the said JANICE DiCAPRIO was suspended effective February 23, 1973 pending hearing on said charges and specifications;

3. That due notice of the hearing on such charges and specifications together with a copy thereof, was served upon the said JANICE DiCAPRIO not less than twenty (20) days nor more than thirty (30) days prior to the hearing thereon;

4. That the said JANICE DiCAPRIO appeared in person at the June 11, 1973 hearing on said charges, together with counsel, and did through her said counsel on June 11, 1973 and at subsequent hearings on June 14, 1973, June 15, 1973 and examined witnesses and otherwise participate in the hearings on said charges and did present witnesses, offered evidence and testified in her own behalf, all in the City of Chicago, County of Cook and State of Illinois;

5. That the charges against JANICE DiCAPRIO conduct unbecoming a teacher and failure to discharge the duties of a teacher in the Chicago Public Schools were proven at the hearing, in that, from May 16 through October 17, 1972 she did fail and refuse to supervise children on her assigned duty post during recess at the Von Humboldt School; from May 19 to October 13, 1972 she did fail and refuse to attend faculty in-service meetings; on or about September 22, 1972 she abandoned her second grade class at the principal's office without supervision; from September through December, 1972 she failed and refused to designate or allow second grade children with language defects to participate in the TESL program and to permit second grade children to participate in speech correction programs; on May 16, 1972 she was served with an E-1 warning notice; she was given instructions to correct said deficiencies on numerous occasions and she repeatedly failed to follow said directions and instructions and was served with an E-2 notice; from June 15 through November of 1972 she used

insulting and derogatory language when addressing the principal and other members of the faculty at Von Humboldt; and on February 22, 1973 she was suspended from her duties pending trial on said charges and specifications.

THE TRIAL COMMITTEE THEREFORE RECOMMENDS

that the charges and specifications against JANICE DiCAPRIO of conduct unbecoming a teacher in the Chicago Public Schools and failure to perform the duties of a teacher and the report and findings of the Trial Committee on the same be sustained, approved, concurred in and adopted as the findings and conclusions of the Board of Education of the City of Chicago and that said JANICE DiCAPRIO be dismissed from the service of the Board of Education of the City of Chicago."

An examination of the record more than adequately reveals that the circuit court erred in reversing the action of the Board. The record amply reflects that the evidence is more than manifest that plaintiff's conduct was unbecoming of a teacher and that she failed to discharge her duties as a teacher as set out in the specifications.

Plaintiff admitted her failure and refusal to supervise children on her assigned duty post during recess, failed and refused to attend faculty in-service meetings, and further admitted that she brought her second grade class to the office of the principal and left them there without supervision. She also readily admitted her continued refusal to permit her students to participate in a Board program pertaining to pupils with speech and language problems. The record is replete with an abundance of instances where plaintiff expressed herself to the principal, his assistant and members of the staff in insulting and derogatory language enhanced by gutter language and foul epithets. On cross-examination plaintiff conceded that she probably did use profanity and said that she deliberately engages in profanity and such as a moral obligation to herself, that if anyone else "steps on her," she steps back as hard as she can and does so by using that kind of language and in many cases it works. On occasion this language was expressed in the presence of plaintiff's pupils. She related that it should not be objectionable because the children and their parents engage in this foul language.

Plaintiff also was possessed of an overpowering impulse to send daily, handwritten notes to the principal and to write daily thoughts on the office message board. A few of the notes regarding a staff member, are as follows:

"I don't allow no blonde bitch to come into my room and check my room."

Another read:

"No son of a bitch that sits on her ass all day long, has a soft, easy job is going to check my room out."

Plaintiff testified that she believed the rules of the Board were archaic and that recess duty was beneath the dignity of a teacher, that it is something that should be handled by student aides of the staff, who by the way she described as untrained, arrogant and only "one step above welfare." She refused to allow pupils to participate in Board instituted programs outside her classes because she believed her pupils could devote their time more productively in her classroom.

Plaintiff was given notice charging her with specific instances of insubordination and persistent refusal to perform her assigned tasks. She was subsequently cautioned by appropriate notice that "failure to remove said causes may result in charges as provided by statute." All to no avail, in fact, plaintiff persisted in refusing to consider or accept any of the principal's suggestions, recommendations or orders regarding her insubordinate conduct and stated that she would be governed by her conscience and not the rules of the Board of Education.

■■ Plaintiff argues that her more than 14 years of teaching and prior performance ratings are in support of her position and that dismissal was unwarranted. The School Code cannot preclude dismissal where the Board determines pursuant to law that the teacher's continued employment is detrimental to the operation of the school. *Lombardo v. Board of Education,* 100 Ill. App. 2d 108, 241 N.E.2d 495.

Plaintiff also argues that the Board violated section 34—85 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 34—85), because its decision to dismiss plaintiff did not occur within the 80-day period required by said statute. The record does not support this contention.

The findings and decision of the Board are not contrary to the manifest weight of the evidence and thus we hereby reverse the judgment of the circuit court of Cook County.

Reversed.

DOWNING and JIGANTI, JJ., concur.