BOARD OF EDUCATION OF ST. CHARLES COMMUNITY UNIT SCHOOL DISTRICT NO. 303, Plaintiff-Appellee and Cross-Appellant, *v.* DAVID W. ADELMAN *et al.*, Defendants-Appellants and Cross-Appellees.

Second District    No. 80-760

Opinion filed June 19, 1981.

Stephen M. Cooper, of Geneva, and George H. Klumpner, Assistant Attorney General, of Chicago, for appellants.

Henry W. Sledz, Jr., and E. Allen Kovar, both of Kovar & Smetana, of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

In this appeal we consider whether proof by clear and convincing evidence is required before a tenured school teacher may be dismissed for conduct which might also constitute a criminal offense or whether proof by a preponderance of the evidence is sufficient.

Defendant, Daniel Kroll, a tenured teacher employed by plaintiff, Board of Education of St. Charles Community Unit School District No. 303, was ordered dismissed by the school board. The reasons for his dismissal, as set forth in a bill of particulars served upon him, included that Kroll had engaged in "lewd, immoral and illegal conduct by performing an act of public indecency upon the person of Kane County Deputy Sheriff, Thomas Schultz," thereby committing "the offense of public indecency in violation of the laws of the State of Illinois," and being "guilty of immorality of an open and notorious nature, which has caused irreparable harm to the students, the faculty and the school." The action by the school board followed defendant's arrest in a Kane County forest preserve by deputy sheriffs, who charged him with the offense of public indecency for allegedly making improper advances to a plain-clothes deputy sheriff. In a trial of the criminal charge a directed verdict of not guilty was entered after the State failed to present evidence of defendant's age as required for that offense.

An extensive hearing was thereafter conducted before David W. Adelman, a hearing officer for the Illinois State Board of Education, appointed pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par 24—12), who ordered defendant reinstated to his teaching position. The hearing officer concluded that the evidence presented failed to establish the charges brought against defendant by the school board by "a clear and convincing level of proof," and he rejected plaintiff's argument that only a preponderance of the evidence standard of proof was applicable in such cases.

Plaintiff sought administrative review in the circuit court which reversed and remanded the cause, finding that the hearing officer had applied an erroneous standard of proof. Defendant contends on appeal in this court that a clear and convincing standard of proof was correctly applied by the hearing officer and, in its cross-appeal, plaintiff urges that we apply the preponderance of the evidence standard to the record of the evidence presented at the administrative hearing and resolve the matter without remanding for further administrative hearings.

The question of what is the proper standard of proof in cases such as this has often been subject to judicial review. Prior to 1939, Illinois courts adhered to the rule that in civil cases where certain criminal conduct was alleged such conduct had to be proved beyond a reasonable doubt. (*E.g., Rost v. Noble & Co.* (1925), 316 Ill. 357, 147 N.E. 258; see generally Annot., 124 A.L.R. 1378 (1940).) The supreme court in *Sundquist v. Hardware Mutual Fire Insurance Co.* (1939), 371 Ill. 360, 21 N.E.2d 297, overruled the earlier cases, holding that no more is required than that the cause of action be proved by a preponderance or greater weight of the evidence. *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303, upon which defendant relies, involved an administrative proceeding to review a dismissal of a field investigator for the Liquor Control Commission who had been charged with solicitation and attempt bribery. The court there stated:

> "Both parties herein agree that the charges in cases of this kind need be proved by only a preponderance of the evidence and need not be proved beyond a reasonable doubt. [Citation.]
> It should be further borne in mind that while the proceedings in this particular cause are civil proceedings, conduct constituting a crime is charged. *While we adopt and hold that the charge need only be proved by a preponderance of the evidence, * * * we believe that the evidence of guilt should be clear and convincing.*"
> (Emphasis added.) (398 Ill. 219, 227, 75 N.E.2d 303, 307.)

Ascertainment of the intent of the *Drezner* court in enunciating two apparently different standards of proof is necessary to the resolution of the disputed issue on appeal.

The First District Appellate Court first considered *Drezner* in *McCaffrey v. Civil Service Board* (1955), 7 Ill. App. 2d 164, 129 N.E.2d 257. It rejected an argument that the *Drezner* court had created a new burden of proof midway between beyond a reasonable doubt and the preponderance of the evidence for administrative hearings or other civil proceedings where conduct constituting a crime was charged, and it applied the preponderance of the evidence standard. The First District was subsequently urged in *Lombardo v. Board of Education* (1968), 100 Ill. App. 2d 108, 241 N.E.2d 495, to hold that evidence in an administrative hearing involving criminal conduct must be clear and convincing in order to support dismissal of a tenured teacher. The court, however, found that the Illinois cases did not support that argument and declined to do so. In *Wilkey v. Illinois Racing Board* (1978), 65 Ill. App. 3d 534, 381 N.E.2d 1380, the court did cite *Drezner* as authority requiring clear and convincing evidence of conduct constituting a crime where such conduct was relied upon by an administrative agency to suspend or revoke a license. In the following year the First District again considered *Drezner* but held the evidence in the case before it would have been insufficient under either test *Drezner* seemed to propound. See *Tanquilut v. Illinois Department of Public Aid* (1979), 78 Ill. App. 3d 55, 396 N.E.2d 1126.

The *Drezner* opinion has been cited often as establishing a preponderance of the evidence standard in civil proceedings, even where the conduct pleaded also involved a violation of a criminal statute. (*Lazarus v. Pascucci* (1979), 74 Ill. App. 3d 633, 640, 393 N.E.2d 1074, 1079; *Ritenour v. Police Board* (1977), 53 Ill. App. 3d 877, 880, 369 N.E.2d 135, 137; *Barr Rubber Products Co. v. Sun Rubber Co.* (2d Cir. 1969), 425 F.2d 1114, 1120, *cert. denied* (1970), 400 U.S. 878, 27 L. Ed. 2d 115, 91 S. Ct. 118; see also *Hocker v. O'Klock* (1959), 16 Ill. 2d 414, 158 N.E.2d 7.) Other Illinois cases also state that when a violation of the law is relied upon in a civil action, such violation, like every other fact in issue, need only be proved by a preponderance of the evidence. (*Mineika v. Union National Bank* (1975), 30 Ill. App. 3d 277, 280, 332 N.E.2d 504, 507; *Commerce Union Bank v. Midland National Insurance Co.* (1964), 53 Ill. App. 2d 229, 239, 202 N.E.2d 688, 693.) Other jurisdictions are in accord: *Prince v. Aetna Casualty & Surety Co.* (La. App. 1961), 129 So. 2d 71; *Department of Conservation & Economic Development, Division of Fish & Game v. Scipio* (1965), 88 N.J. Super. 315, 212 A.2d 184; *Alexander v. Ivey* (1963), 1 Ohio App. 2d 249, 204 N.E.2d 394; *Las Vegas Supper Club, Inc. v. Pennsylvania Liquor Control Board* (1967), 211 Pa. Super. 385, 237 A.2d 252; *Corning Glass Works v. Seaboard Surety Co.* (1973), 112 R.I. 241, 308 A.2d 813; *Lyndonville Savings Bank & Trust Co. v. Peerless Insurance Co.* (1967), 126 Vt. 436, 234 A.2d 340; but *cf. Jonas v. Northeastern Mutual Fire Insurance Co.* (1969), 44 Wis. 2d 347, 171 N.W.2d 185 (evidence

necessary to sustain burden of proof in civil case where act constitutes a crime is middle standard—clear, satisfactory and convincing); see generally *United States v. Fatico* (E.D.N.Y. 1978), 458 F. Supp. 388, 404, *aff'd* (2d Cir. 1979), 603 F.2d 1053, *cert. denied* (1980), 444 U.S. 1073, 62 L. Ed. 2d 755, 100 S. Ct. 1018 (noting clear and convincing evidence needed in civil case to prove conduct involving moral turpitude).

It would appear that *Wilkey v. Illinois Racing Board* stands alone in Illinois as recent precedent supporting a requirement of clear and convincing evidence under these circumstances, and we decline to follow it in view of the weight of authority to the contrary.

Defendant suggests that an administrative decision finding him "guilty" of a crime involving sexual misconduct would be as damaging to him as a criminal conviction. We note that this argument has been rejected in several of the Illinois cases to which we have referred as well as by the courts of other jurisdictions. (See, *e.g., Lombardo*; *Las Vegas Supper Club, Inc.*) Nor do we find authority in either Illinois case law or the School Code of 1961 (Ill. Rev. Stat. 1979, ch. 122), to distinguish the dismissal of a teacher for incompetency, which clearly requires proof by only a preponderance of the evidence (see *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69), from dismissal for moral turpitude.

Both parties urge that regardless of which standard of proof is determined to be correct that we apply it without remanding for a costly, time consuming rehearing of the evidence. The court in *Ingels* also considered a case in which the same hearing officer had erroneously applied a standard of proof. It noted that "[w]here the tribunal with primary jurisdiction applies the wrong standard to the evidence before it, any resulting finding is invalid," and the cause must be remanded for entry of valid findings as there is no decision in the record which can be reviewed. *Ingels* (1979), 75 Ill. App. 3d 334, 337, 394 N.E.2d 69, 71-72; see also *Board of Education v. File* (1980), 89 Ill. App. 3d 1132, 1139-40, 412 N.E.2d 1030, 1036.

Accordingly, the judgment of the circuit court of Kane County is affirmed, and this cause is remanded for a determination of the issues presented for administrative hearing in accordance with the proper standard of proof as expressed in this opinion.

Circuit Court affirmed and cause remanded.

HOPF and REINHARD, JJ., concur.