BOARD OF EDUCATION OF ST. CHARLES COMMUNITY UNIT SCHOOL DISTRICT, NO. 303, Plaintiff-Appellee and Cross-Appellant, v. DAVID W. ADELMAN, Hearing Officer for the Illinois State Board of Education, *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 84—0923

Opinion filed November 6, 1985.

Stephen M. Cooper, of Geneva, for appellants.

E. Allan Kovar, of Kovar, Nelson & Brittain, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Daniel Kroll, appeals from an order of the circuit court which, on administrative review, reversed the decision of a hearing officer for the Illinois State Board of Education reinstating defendant to his teaching position with plaintiff, board of education of St. Charles Community Unit School District No. 303, from which he had been discharged.

This is the second appeal in this case. In *Board of Education v. Adelman* (1981), 97 Ill. App. 3d 530, 423 N.E.2d 254, this court affirmed the trial court's reversal of an earlier decision of the same hearing officer in which an improper "clear and convincing" standard of proof had been applied to the evidence, rather than the preponderance of the evidence standard which is applicable to a teacher dismissal proceeding. (97 Ill. App. 3d 530, 533, 423 N.E.2d 254.) On remand, the hearing officer again considered the evidence produced at the earlier hearing before him and, on application of the proper standard of proof, reaffirmed his earlier findings and again ordered that defendant be reinstated. In doing so, the hearing officer noted

a lack of corroboration of portions of the testimony of the arresting officers and also concluded that the credibility of the witnesses to the incident in question should be resolved in favor of defendant. Plaintiff sought administrative review in the circuit court, which again reversed the decision of the hearing officer as against the manifest weight of the evidence, and this appeal followed.

Defendant contends (1) that plaintiff school board failed to initiate the administrative review proceeding in the circuit court within the time prescribed by statute, and (2) that the trial court erred in its determination the decision of the administrative agency was against the manifest weight of the evidence. We reverse the circuit court and affirm the decision of the administrative agency.

The background facts in this case are stated in our earlier opinion (see *Board of Education v. Adelman* (1981), 97 Ill. App. 3d 530, 423 N.E.2d 254), and need not be repeated here. We consider the first issue to be dispositive.

Section 3—103 of the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—103) provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." It is undisputed that a copy of the decision of the hearing officer in this case was sent by certified mail to plaintiff's attorney on June 30, 1983, and that plaintiff filed its complaint for administrative review in the circuit court 36 days later on August 5, 1983. Plaintiff contends the date it received the copy of the decision, July 5, 1983, should be considered the date it was served, and that plaintiff was thus timely in commencing its action.

Section 3—103 of the Administrative Review Act also states,

"The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail *** addressed to the party affected thereby at his or her last known residence or place of business." (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.)

Section 24—12 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 24—12) governs removal and dismissal proceedings of tenured teachers and requires that such matters be considered by a hearing officer appointed by the State Board of Education. The State Board is also required by section 24—14 of the School Code to adopt stand-

ards and rules of procedure for such hearings, and it has provided in its rules that,

> " 'Service' shall mean service of any document by personal service or by certified or registered mail, postage prepaid, to the individual's last known address." (23 Ill. Adm. Code 51.10.)

Furthermore, the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, pars. 1001 *et seq.*) applies to the administrative rules and procedures of the State Board under the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 1A—7), and it provides,

> "Parties or their agents appointed to receive service of process shall be notified either personally or by registered or certified mail of any decision or order." (Ill. Rev. Stat. 1983, ch. 127, par. 1014.)

See *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 68-69, 422 N.E.2d 236, *appeal denied* (1981), 85 Ill. 2d 556.

■ It is established that when no method of service has been provided by statute, the decision of an administrative agency will be deemed served when mailed. (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403, 451 N.E.2d 842.) In the present case, it has been provided by statute and rules of procedure that such a decision of this administrative agency will be deemed served when mailed, and it is clear plaintiff's petition for administrative review of this decision was thus not timely filed.

Plaintiff argues that the act of mailing of the decision merely serves to create a rebuttable presumption that the notice of the decision was received, citing *A-1 Security Services, Inc. v. Stackler* (1978), 61 Ill. App. 3d 285, 377 N.E.2d 1199, and *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, in support of that view. We do not agree. Though the issue in *A-1 Security Services, Inc.* is virtually identical with today's question, the court in that case erroneously relied upon *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691, and *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 353 N.E.2d 253, neither of which is on point. Our supreme court examined a similar argument in *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 402-03, 451 N.E.2d 842, and declared,

> "The issue presented in *Pearce Hospital* *** was whether the order of the agency was an administrative decision from which an appeal could be taken and did not present the question whether the statutory period commenced to run from the date of mailing or the date of receipt."

And in an analysis of *A-1 Security Services, Inc.* a court pointed out that *Orrway* merely holds that a party is presumed to have received a properly mailed order. *Thompson v. Civil Service Com.* (1978), 63 Ill. App. 3d 153, 155, 379 N.E.2d 655.

In *Advich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, the supreme court construed the notice provision of the landlord and tenant statute (Ill. Rev. Stat. 1975, ch. 80, par. 10) which allowed service by certified mail with a required returned receipt signed by the addressee. Noting that the legislative purpose of the requirement was to facilitate proof of service in such situations, the court concluded that service under the statute is not complete until it is received by the addressee.

The present case presents no indications of a similar legislative intent. Unlike the landlord and tenant statute in *Avdich*, the State Board's Rules and Regulations allow service by personal service, certified mail or registered mail, without a requirement of a returned receipt from the addressee and we may not infer such a requirement here. (*Chin v. Illinois Department of Public Aid* (1979), 78 Ill. App. 3d 1137, 1140, 398 N.E.2d 135.) "[T]he conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist ***." *Fitzgerald v. Quinn* (1896), 165 Ill. 354, 360, 46 N.E. 287, quoted in *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 6, 370 N.E.2d 504.

█ Plaintiff also argues that "service" should be construed in its popularly understood meaning which emphasizes delivery. However, where a word or term has a settled, fixed legal meaning or usage, the court should infer that the legislature intended to incorporate this established meaning. (*Illinois Power Co. v. Johnson* (1983), 116 Ill. App. 3d 618, 452 N.E.2d 347, *appeal denied* (1983), 96 Ill. 2d 539; *Martin v. Luther* (7th Cir. 1982), 689 F.2d 109.) It is apparent that the legislative usage of the term "service" denotes application of the "Mailbox Rule," which deems a decision of notice served when it is mailed. *Sjostrom & Sons, Inc. v. D. & E. Mall Restaurant, Inc.* (1975), 29 Ill. App. 3d 1082, 332 N.E.2d 62; *Winkfield v. American Continental Insurance Co.* (1969), 110 Ill. App. 2d 156, 160, 249 N.E.2d 174.

Plaintiff also contends that it was never served with a copy of the hearing officer's decision and thus his complaint for administrative review cannot be untimely. Though a copy of the decision was sent via certified mail to E. Allan Kovar, the plaintiff's attorney, plaintiff argues that service upon the board of education is also required.

■■ ■ Plaintiff premises its argument first upon section 1014 of the Administrative Procedure Act which provides that "[u]pon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record." (Ill. Rev. Stat. 1983, ch. 127, par. 1014.) However, there is nothing in the record indicating that plaintiff made such a request and thus this provision is inapplicable. Plaintiff also looks to section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—103), which requires that a copy of the decision be "served upon the party affected thereby" and argues that this provision requires service upon the school board itself, and is not satisfied merely by service upon its attorney. This argument, however, does not take into account the rule that service upon an attorney is service upon his client. "If a party is represented by an attorney of record, service shall be made upon the attorney." (87 Ill. 2d R. 11.) "The law is well settled that notice to an attorney is notice to the client that employs him, and knowledge of an attorney is knowledge of or imputed to his client." (*People ex rel. Rogers v. Elrod* (1975), 35 Ill. App. 3d 26, 28, 340 N.E.2d 598; *People v. Tarkowski* (1982), 106 Ill. App. 3d 597, 601, 435 N.E.2d 1339, *appeal denied* (1982), 91 Ill. 2d 578.) In *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236, *appeal denied* (1981), 85 Ill. 2d 556, the court noted, "[c]ertainly, an attorney of record before an administrative agency is appointed to receive service for his client, barring an express statement to the contrary in his entry of appearance." We agree with this view and reject plaintiff's contention that service upon its attorney was not effective as service upon itself.

We note that the 35-day filing period is a jurisdictional requirement (*Fredman Brothers Furniture Co. v. Department of Revenue* (1984), 129 Ill. App. 3d 38, 40, 471 N.E.2d 1037), and a one-day delay in filing will bar relief. In one instance, a court refused to make an exception where a plaintiff attempted to file his complaint one hour before the close of the circuit court clerk's office on the 35th day, was refused by the clerk's office because the summons was improperly prepared, and did properly file a new complaint and summons on the 36th day. (*Ellis v. Miller* (1983), 119 Ill. App. 3d 579, 456 N.E.2d 987.) It is clear that no exception may be made in this case.

We must reject plaintiff's arguments and agree with *dictum* in *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236, *appeal denied* (1981), 85 Ill. 2d 556, where notice of an administrative decision was improperly given by first class mail.

There, the court noted that "[h]ad notice been given by certified or registered mail, then the date of mailing would be controlling."

■ We conclude that the decision was deemed to have been served when it was mailed under the statutes and the State Board's Rules and Regulations, and, as plaintiff failed to initiate administrative review proceedings within the jurisdictional 35-day limit, it is barred from judicial review. Ill. Rev. Stat. 1983, ch. 110, par. 3—103; *Howard v. Miller* (1982), 108 Ill. App. 3d 1, 438 N.E.2d 680.

Accordingly, the judgment of the circuit court is reversed and the decision of the hearing officer is final.

Reversed.

HOPF and LINDBERG, JJ., concur.