Henry Davis, Plaintiff-Appellant, v. O. W. Wilson, Superintendent of Police, Chicago Police Department, etc., et al., Defendants-Appellees.

Gen. No. 52,110.

First District, Fourth Division.

June 5, 1968.

R. Eugene Pincham, Charles B. Evins, Glenn C. Fowlkes, and Earl E. Strayhorn, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen and RocLyne E. LaPorte, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a judgment entered on November 17, 1966, dismissing with prejudice his complaint which sought injunctive and declaratory relief from the order of the Superintendent of Police enforcing the de-

cision of the Police Board to dismiss plaintiff from the police force. In his order the trial judge said:

. . . the Court does not have jurisdiction of this cause and . . . the relief sought is encompassed in and governed by the Administrative Review Act (Illinois Revised Statutes 1965, Chapter 110, Paragraph 264 et seq.).

Plaintiff contends on appeal that (1) he showed equitable grounds for obtaining judicial review of the Chicago Police Board's decision and that (2) even if the decision of the Police Board was valid the Superintendent of Police had lost the power to carry it out.

On March 1, 1966, plaintiff filed his complaint stating in relevant part that he had been a member of the Chicago Police Department since October 1954; that he had attained the position of Sergeant and had received many honors for performance of his duties; that he received a disabling injury while in the line of duty on April 30, 1961; that in November 1961 he was accused of being the father of an illegitimate child; that on March 2, 1962, formal charges were filed against plaintiff before the Police Board charging him with having had sexual relations with an unmarried minor female, not his wife, and that during the pendency of the charges he was suspended from the police force. The complaint stated that a hearing was held before the Board on August 10, 1962; that on September 11, 1962, plaintiff received an undated document purporting to be an order of the Police Board dismissing him; that later plaintiff went to the administrative office of the Police Department inquiring about the status of the document and was told that he would be informed later "whether and when said document or order would take effect, if at all, . . ." and that on November 23, 1962, the Superintendent of Police issued an order stating that plaintiff ". . . is hereby restored to

duty effective 22 November, 1962 . . . ," following which plaintiff was restored to disability status and given disability pay. The complaint further alleged that because the notice plaintiff received did not state the date of the Board's decision and because he was advised that the decision might not be enforced, he was prevented from seeking an administrative review of the decision; that on February 9, 1966, plaintiff was examined and found medically ready to be restored to active duty and that two days later he received an order from the Superintendent of Police discharging him from the Police Department in accordance with the decision of the Police Board of September 10, 1962.

On April 4, 1966, defendants unsuccessfully moved to strike and dismiss the complaint and the cause was subsequently set for trial.

 Plaintiff first contends that he is entitled to a judicial review of the Board's decision. The statute conferring power on the Police Board (Ill Rev Stats 1961, c 24, §§ 10–1–18 and 10–1–45) expressly incorporates the procedures of the Administrative Review Act (Ill Rev Stats 1961, c 110, § 264 et seq.). Section 4 of the Administrative Review Act requires "the filing of a complaint . . . within thirty-five days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. . . ." Plaintiff admits that he received a copy of the Police Board's decision on September 11, 1962, and that he did not file his complaint until March 1, 1966. Plaintiff points out, however, that the notice he received did not disclose the date of the Police Board's decision, that he was subsequently advised that the order might not be given effect and that he was in fact ultimately reinstated in the police force. He contends that he was in this way deprived of his opportunity to comply with the Administrative Review Act and is therefore entitled to equitable relief.

It is, however, well established that where the Administrative Review Act is expressly referred to in the act conferring power on an administrative agency the prior equitable modes of review cannot be obtained. People ex rel. Chicago & N. W. Ry. v. Hulman, 31 Ill2d 166, 201 NE 2d 103; People ex rel. Fike v. Slaughter, 31 IllApp2d 175, 175 NE2d 585; Moline Tool Co. v. Department of Revenue, 410 Ill 35, 101 NE2d 71. Nor do we find equitable grounds for dispensing with the requirements of the Act. The thirty-five day period within which plaintiff had to file his complaint in administrative review commenced not with the date of the decision but the date of his notification. Thus absence of the date of the Board's decision from plaintiff's notification is of no consequence. Furthermore, he would not be entitled to rely on the advice of an administrative officer of the Police Department that he would be told later "whether and when said document or order would take effect, if at all . . ." as a representation that the Board's order would not be given effect and that there was no need for legal action to review the Board's decision. Finally, even if plaintiff was confused about the permanence of his reinstatement, the order of reinstatement was issued more than a month after the period for filing a complaint in administrative review had expired. We do not believe that plaintiff is entitled to a judicial review of the decision of the Police Board.

█ Plaintiff also appeals from the order of January 18, 1967, denying his motion to vacate the judgment of November 17, 1966. In the trial court plaintiff filed a petition to vacate the judgment. In it he alleged for the first time that the Superintendent of Police lacked the power to enforce the decision of the Police Board. However, plaintiff failed to appear at the hearing on his motion to vacate the judgment and it was denied. No reason has been advanced for plaintiff's failure to ap-

pear. Although we find no error in this ruling, we will discuss the arguments advanced in this court on this point.

Plaintiff points out that Illinois Revised Statutes, 1961, c 24½, § 51.1, provides in part that:

> The findings and decision of the Police Board, when approved by said Board, shall be certified to the superintendent and shall forthwith be enforced by said superintendent.

He argues that this provision requires that the superintendent act immediately or lose authority to enforce the Board's decision and that the superintendent "be estopped from attempting to exercise such power capriciously and at any later time which coincides with his personal whims and motives." Plaintiff also argues that the order restoring him to the police force after his suspension created a new relationship between him and the police force and that the prior decision of the Police Board had no bearing on this new relationship. The Superintendent of Police recognized that prior to the decision of the Board plaintiff had been injured in the line of duty and under city ordinances had become entitled to disability pay. The Superintendent was advised by the Corporation Counsel of the City of Chicago that he could comply with both the Board's order and the ordinance by restoring plaintiff to disability status and deferring enforcement of the Board's order until plaintiff was no longer disabled. Plaintiff remained on medical leave and received disability pay for more than three years. We cannot find that the Superintendent's reinstatement of the officer for the purpose of enabling that officer to receive disability benefits precluded the Superintendent from enforcing the Board's decision after the medical disability ended nor that it created a new relationship. Furthermore, even if the Superintendent were

under a statutory mandate to act immediately it would not follow that his ultimate compliance with the Board's decision was ineffective under the circumstances of this case.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.