PEARL C. ANGELO *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF REVIEW, DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

Fourth District   No. 14636

Opinion filed March 10, 1978.

Barbara J. Hillman, of Cornfield and Feldman, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case involves related problems in affording procedural due process of law in the review of the denials by defendant Department of Labor of the State of Illinois of claims for unemployment compensation benefits filed by plaintiffs Pearl C. Angelo and Yvonne Barton. They appeal the decision of the circuit court of Morgan County dismissing their consolidated complaint for administrative review upon motion of the administrative agency.

The statutory scheme for the processing of claims for unemployment compensation benefits provides that generally the claim shall be heard first by a "claims adjudicator" (Ill. Rev. Stat. 1975, ch. 48, pars. 451-453) with an appeal to a referee (pars. 470, 471) and an appeal from that officer's decision to a board of review (par. 473). Plaintiffs' claims were of the type to which the foregoing is applicable. Review under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264-279) is available to the claimant from a final determination by the administrative agency. Ill. Rev. Stat. 1975, ch. 48, par. 520.

The motions upon which the trial court dismissed plaintiffs' combined complaint for administrative review alleged that the plaintiffs, Angelo and Barton, had failed to take timely appeal from the orders of the claims adjudicator and the referee, respectively, ruling that they were not entitled to benefits. The motion was not supported by a complete certified record of the administrative proceedings as would be required had the defendants answered (Ill. Rev. Stat. 1975, ch. 110, par. 272(b)) but was supported by certified copies of portions of the record and certain affidavits. Plaintiffs filed affidavits in objection to the motions.

The motion concerning plaintiff Angelo showed that the Board of Review had found that the referee had dismissed her appeal because it was filed on August 20, 1976, when August 19, 1976, was the last day for filing the appeal. The Board then affirmed that decision. The statutory time period for filing appeals from the claims adjudicator to the referee is that period within 7 days after a delivery of a notification of the adjudicator's ruling to the claimant or 9 days after a mailing of the notification made by the agency to the last known address of the claimant. (Ill. Rev. Stat. 1975, ch. 48, par 470.) No contention is made here that a delivery of the notification was made by the agency. Plaintiff Angelo's affidavit stated that she had received the notification by mail at 4 p.m. on August 19, 1976, the last day for filing appeal.

In *Huggins v. Board of Review* (1973), 10 Ill. App. 3d 140, 294 N.E.2d 32, the court affirmed an administrative determination that an appeal from an adjudicator filed 4 days late would not be considered. The opinion spoke in terms of the requirement for timely filing being absolute. The agency, however, had held an evidentiary hearing on the reasons that the claimant had not filed sooner. The opinion noted that her testimony had been unconvincing as to her reasons for her tardiness. The opinion did recognize that evidence that a notification was not received might have probative value in showing that it was never mailed. In *Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115, a similar appeal had been dismissed because it was filed 48 days after the deadline. The evidence before the agency showed that the claimant could not speak or read English but that his 13-year-old daughter had read parts of the notification to him although failing to read to him the portion that advised him of the time limits on appeal. The court ruled the appeal to have been barred but indicated that the ruling might be different if the claimant had not received the notice within the 9-day period.

■■ Although the plaintiff Angelo's contentions do not bring her within the dictum of *Gutierrez* in that she admits having received the notification late in the final day for filing appeal we do not deem her to be absolutely barred from appeal. The statute must be construed in such a manner as to afford claimants the fundamental constitutional rights of procedural due process. This requires that claimants be given a reasonable time to make their appearance. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865; 70 S. Ct. 652; *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71.) If Ms. Angelo without her fault did not receive her notification until late in the last day for filing appeal, barring her from appeal would be violative of due process. (See *Smith v. Iowa Employment Security Com.* (Iowa 1973), 212 N.W.2d 471.) Although mailing of a notification to a claimant may be some evidence that it was received by the claimant a few days thereafter, common knowledge of the capability of the postal service negates any conclusive presumption that it was so received.

We construe the statute to permit a claimant a reasonable time after receipt of mailed notification to file appeal. Ms. Angelo was entitled to an evidentiary hearing by the referee to see if her contentions were true. The record presented is insufficient to show if this occurred and if it did whether the evidence supported the referee's determination that her appeal was barred. The trial court was in error in dismissing the complaint as to her.

The motion as to plaintiff Barton set forth that she had taken no appeal from the referee to the Board of Review. The time limit stated in the statute for taking that appeal is within the period of 10 days after mailing

of the referee's decision to the claimant. Attached to the administrative agency's notice was the affidavit of the secretary of the Board of Review stating that no appeal had been taken by Ms. Barton. That plaintiff countered the motion by her affidavit that she had filed an appeal. Neither side sets forth any order of the Board of Review ruling upon the Barton appeal.

■■ Ms. Barton has a due process right to an evidentiary hearing on the question of whether she did in fact make timely filing with the Board of Review. The record before the court on the motion indicated that the Board of Review has never passed upon any attempted appeal by plaintiff Barton. Thus, the requirement of section 1100 of the Unemployment Insurance Act (Ill. Rev. Stat. 1975, ch. 48, par. 520), that a claimant seeking administrative review must first exhaust his administrative remedies has not been met. For this reason, the trial court properly dismissed the count in which Ms. Barton sought administrative review.

■■ We reverse the order of the circuit court of Morgan County dismissing the count of the complaint seeking administrative review by plaintiff Angelo and remand the case to that court. If upon answer a record before the administrative agency is filed showing that plaintiff Angelo was given an opportunity to present evidence upon the question of the timeliness of her appeal, the court may then proceed to hear the appeal and decide that issue according to the statutory interpretation set forth in the opinion. If the record shows that no such opportunity was given to plaintiff, the decision of the Board of Review and the referee should be reversed and the case remanded to the referee to consider first the question as to whether the appeal to him was timely filed.

One disposition of the Barton appeal which would appear to be technically proper would be for us to merely affirm the ruling of the trial court in dismissing her count for administrative review. She could then proceed before the Board of Review requesting a hearing upon her appeal which she claims to have been timely filed. In the interests of time and the limitation of multiple proceedings, however, we also remand her case to the Board of Review with directions that it hold an evidentiary hearing to determine if plaintiff Barton did in fact file timely appeal.

Reversed in part and remanded, affirmed in part and remanded.

REARDON and WEBBER, JJ., concur.