A-1 SECURITY SERVICES, INC., Plaintiff-Appellant, *v.* RONALD E. STACKLER, Director of the Illinois Department of Registration and Education, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 77-314

Opinion filed June 12, 1978.

Lawrence J. Cohen, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, A-1 Security Services, Inc., filed a complaint in the circuit court of Cook County seeking review of the final order of defendant, Department of Registration and Education, and its director, defendant Ronald E. Stackler. On motion of defendants, the complaint was dismissed because it was not filed within 35 days of service upon plaintiff of a copy of the final administrative order. Plaintiff appeals, contending that (1) the complaint was filed within the time limited by the statute, and (2) the defendants are estopped from raising the time limitation because they misinformed plaintiff's attorney of the last day to file the complaint.

On July 7, 1976, the Department issued a final order denying rehearing of its previous order revoking the certificate of authority of plaintiff, A-1 Security Services, Inc. On July 8, 1976, the Department deposited in the mail a copy of the order addressed to plaintiff and its attorney. The document was not sent by ordinary mail, but was sent by

registered mail, which required the addressee to sign for the item in acknowledgment of delivery. The order was delivered and receipt acknowledged at plaintiff's attorney's office on July 9, 1976. The plaintiff's complaint was filed on August 13, 1976, which was 35 days following receipt of the order, but 36 days following mailing of the order by defendants. The complaint was dismissed on motion of defendants for failure to comply with section 4 of the Administrative Review Act, which states in pertinent part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his last known residence or place of business." Ill. Rev. Stat. 1975, ch. 110, par. 267.

■■ The "Act governing the procedure before the administrative agency" herein is "An Act to provide for Licensing and Regulating Detectives and Detective Agencies." (Ill. Rev. Stat. 1975, ch. 38, par. 201—1 et seq.) Sections 17 and 21 of the Act provide that service may be made by personal delivery of "by mailing the same by registered mail to the place of business last theretofore specified by the accused person in his last notification to the Department." Ill. Rev. Stat. 1975, ch. 38, pars. 201—17 and 201—21.

■■ We find plaintiff's first contention dispositive of the appeal. Section 4 of the Administrative Review Act requires that a complaint be filed within 35 days from the date a copy of the order was served upon the party affected. That section also provides that if no method of service is provided by the governing act, service shall be deemed made when personally served or mailed. In the case at bar, the governing act provides for service by personal delivery or registered mail. Registered mail was used here.

■■ Under the language of *Pearce Hospital Foundation v. Illinois Public Aid Commission* (1958), 15 Ill. 2d 301, 154 N.E.2d 691, the date of service of an administrative decision is the date it is received. There the court said (15 Ill. 2d 301, 306):

"Had judicial review been sought within 35 days after appellees had received the administrative decision, the court in which relief was sought would have had the power to affirm or reverse the

decision, or to remand it to the commission for further hearing if the need therefor was found to exist.* * *"
(See also *Varnes v. Lentz* (1975), 30 Ill. App. 3d 806, 810, 332 N.E.2d 639, 642.) Because registered mail requires the addressee to sign for the item in acknowledgment of delivery, the date of the signed acknowledgment is the date the item was received and thus the date of service. In the case at bar, that date was July 9, 1976.

■■ In addition, when service is allowed by the relevant statute to be made by mail, there is a rebuttable presumption that service was effected on the date of mailing; but the party alleged to have been served by mail may rebut that presumption and overcome it by evidence. (*Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 353 N.E.2d 253.) It is undisputed, and the court in its judgment order found, that actual delivery of the order to plaintiff was made on July 9, 1976. Thus, the presumption of service as the date of mailing (July 8, 1976) was conclusively rebutted and the date of service was the date of receipt, July 9, 1976.

■■ Plaintiff filed its complaint within 35 days of July 9, 1976. The court, therefore, erred in dismissing the complaint for adminstrative review. We need not discuss plaintiff's estoppel argument, but we find it without merit in light of *DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26, 34, 351 N.E.2d 302, 309, and *Dodd v. Rotterman* (1928), 330 Ill. 362, 371, 161 N.E. 756, 761.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.