KEITH G. WURTZ, M.D., Plaintiff-Appellant, v. BOARD OF REVIEW OF ILLINOIS DEPARTMENT OF LABOR et al., Defendants-Appellees.

First District (5th Division)    No. 77-1294

Opinion filed June 30, 1978.

Bruce E. Vodicka, of Arlington Heights, for appellant.

William J. Scott, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, a former employer of Rolando Perkins, objected to the finding of a claims adjudicator for the Illinois Department of Labor that Perkins was entitled to unemployment compensation. After a hearing at which plaintiff testified, a referee affirmed the finding of the claims adjudicator. Upon appeal to the Board of Review (Board), the referee's decision was affirmed. Plaintiff then filed a complaint for administrative review and a motion for summary judgment in the Circuit Court of Cook County. After arguments, the trial judge affirmed the decision of the Board. On appeal to this court, plaintiff contends that (1) he should not have been precluded from raising the issue of claimant's ineligibility due to voluntariness of leaving, although he did not comply with the time limit set forth in the Department of Labor's Regulation 14 B, (2) there are omissions from the record of proceedings before the administrative agency that were crucial to the circuit court's and are necessary for our determination, (3) the Board failed in its duty to investigate the competency of the referee once questions of his competence had been raised, (4) the referee's findings as to eligibility were against the manifest weight of the evidence.

We reverse and remand this cause for further proceedings.

Rolando Perkins filed a claim, effective November 2, 1975, for unemployment insurance benefits. On his application he listed his last employer as plaintiff and stated as his reason for losing his last job as "quit." Thereafter, approximately every two weeks from November 22 until January 3, 1976, Perkins filed continued claim cards stating that in the two calendar weeks which ended on the Saturday prior to filing of card, he was actively looking for work and did not refuse to accept a

job offered to him. Claimant quit high school on November 6, 1975. Two days later Perkins filed a statement on voluntary leaving which listed Earl Gerbar as his last employer and gave his reason for quitting as "I was back to school." He listed his last day of work as August 29, 1975.

As disclosed by a notation on Perkins' claim record card, a notice of Perkins' possible eligibility was mailed to the last employing unit (L.E.U.), namely plaintiff, on November 10, 1975. This notice is not in the record. In a letter dated November 21, 1975, plaintiff's attorney informed the Bureau of Employment Security at the Department of Labor, that plaintiff wished to dispute claimant's eligibility.

Thereafter plaintiff's attorney received a letter from J. Beaumont, a claims adjudicator, notifying him that Perkins had stated as his reasons for leaving that he "did not want contract work." Plaintiff's attorney was further directed to complete a form on the reverse side of the letter within seven days of the "above date." As far as the record discloses, the only date on the letter is a stamp reading "Received Jan. 12, 1976, Des Plaines." Plaintiff's attorney responded that claimant gave as his reason for quitting that he was returning to school.

On January 26, 1976, Beaumont sent plaintiff's attorney notice of the claim adjudicator's determination (Form Ben-134 P) which stated as follows:

> "Claimant was discharged for reasons other than misconduct in connection with his work, since no specific act of industrial misconduct has been shown.
>
> The claimant is eligible for benefits for each week during the period from 11-2-75 through 12-27-75, and will be determined eligible for each week thereafter as long as you meet the eligibility requirements of the Illinois Unemployment Insurance Act."

At the bottom of the form the box next to the following information was checked:

> "As a party entitled to notice of the claim adjudicator's determination (see reprint of Regulation 14, section B, on the other side), your attention is called to Section 800 of the Unemployment Compensation Act, which provides that '*unless the claimant or any other party entitled to notice of the claim adjudicator's * * * "determination" * * * within nine (9) calendar days after such notification was mailed to his last known address, files an appeal therefrom, such "determination" shall be final, as to all parties given notice thereof.*'
>
> APPEAL RIGHTS: IF YOU DISAGREE WITH THIS DETERMINATION, You may file an appeal, in person or by mail. Your appeal must be FILED in this office within nine (9) days after the date of this notice if it was mailed to you, or within seven (7)

days after the date of this notice if it was given to you. An appeal submitted by mail must bear a postmark date within the applicable time limit for filing. A LETTER WILL SUFFICE IF YOU DO NOT HAVE APPEAL FORMS."

In a letter bearing the date of February 2, 1976, entitled "NOTICE OF APPEAL," plaintiff's attorney told Beaumont of their disagreement with her determination as to claimant's eligibility since claimant left his employment voluntarily and without good cause.

On February 20, 1976, a hearing was conducted before a referee. At the outset, the referee noted that appellant filed a timely appeal from the adjudicator's determination that claimant was entitled to benefits from November 2, 1975, through December 27, 1975. The transcript reflects that both claimant and plaintiff were sworn in. However, it later becomes apparent that only plaintiff and his attorney were in attendance.

The following testimony was elicited from plaintiff:

Perkins began working for him on September 23, 1975. He was supposed to work about four hours a day during the week and eight hours a day Saturday and Sunday at $3 per hour, raking leaves, mowing the lawn and other general home care chores.

Plaintiff believed claimant's last day of work to have been November 2, 1975. Perkins told him that he was taking special classes in school which prevented him from working until January 2, 1976. Plaintiff told him he could have employment and that he could arrange to pay him after January 2, 1976. Perkins agreed but never returned to work. Plaintiff stated that he did not know whether Perkins was available or actively seeking work. In response to a question posed by his attorney, plaintiff said that he had invited claimant to return to his employ on at least two occasions after November 2, 1975.

On March 2, 1976, the referee mailed his findings to plaintiff. He determined that the appeal had to be dismissed with respect to plaintiff between November 2, 1975, and November 15, 1975, because he did not file a timely ineligibility notice. Therefore, the referee found that the only issue he could consider was whether claimant was available for work and actively seeking work. He concluded:

"In the absence of competent contrary evidence, the Referee must conclude that claimant's certification(s) as to his compliance with the requirements of Section 500 C establishes his availability for work and active search for work in the meaning of the statute. Claimant is accordingly eligible for benefits as indicated."

On March 9, 1976, plaintiff filed a notice of appeal from the referee's decision to the Board of Review. On April 20, 1976, the Board concluded that the referee correctly dismissed the appeal for the period between

November 2 and November 15, 1975, for lack of jurisdiction pursuant to Regulation 14 B, and that the employer did not present any evidence with respect to the claimant's availability for work.

Plaintiff subsequently filed a complaint for administrative review before the Circuit Court of Cook County. He filed a motion for summary judgment and a brief in support thereof. After hearing arguments, the trial judge affirmed the finding of the Board of Review.

OPINION

The threshold issue on this appeal is whether plaintiff's failure to comply with the time limits set forth in Regulation 14 B operates as an absolute bar to his contention with respect to claimant's ineligibility for benefits due to voluntariness of leaving.

The Department of Labor's Regulation 14 B provides in pertinent part:
> "1. An employing unit shall mail Form UC (Ill) Ben-22, Notice of Possible Ineligibility, within the time limit * * * if:
> * * *
>> c. The worker left work voluntarily or has been absent for reasons unknown to the employing unit; or
>> d. The worker refused to accept suitable work; or
>> e. During any period which includes the date of the claim or any date subsequent thereto, the worker has been unable to work or unavailable for full-time work;
>> * * *
>> The employing unit shall mail the Notice of Possible Ineligibility within seven calendar days after the date of the Form UC (Ill) Ben-31, Notice to Last Employing Unit, or of the Form UC (Ill) Ben-183, Notice of Additional Claim, which has been mailed to it. If it employed the worker during his base period and Form UC (Ill) Ben-31 or Form UC (Ill) Ben-183 has not been mailed to it, the employing unit shall mail the Notice of Possible Ineligibility within seven calendar days after the date of the Form UC (Ill) Ben-305P, Preliminary Notice of Claim to Base Period Employer, which has been mailed to it or, if such form has not been mailed to it, then within seven calendar days after the date of the Form UC (Ill) Ben-305, Notice of Finding to Base Period Employer, which has been mailed to it.
>> * * *
> 2. If a worker refuses to accept suitable work after an employing unit has received any notice of the filing of a claim for benefits, the employing unit shall mail Form UC (Ill) Ben-22, Notice of

Possible Ineligibility, within seven calendar days after the date of such refusal, to the Director * * *.

* * *

4. Except as specified in Paragraph 5, below, any employing unit which fails to mail Form UC (Ill) Ben-22, Notice of Possible Ineligibility, to the Director within the time limits and to the office prescribed above shall not be entitled to receive a notice of the determination of the claims adjudicator which relates to the ineligibility alleged to exist, or to notice of any reconsideration thereof, and it shall not be entitled to prosecute an appeal therefrom to a Referee. The claims adjudicator may, however, use the information disclosed on such form, if any, in making his determination or in a reconsideration thereof.

* * *

5.

b. An employing unit which, after the time limit prescribed by Paragraph 1, above, mails Form UC (Ill) Ben-22, Notice of Possible Ineligibility, to the Director * * * alleging that the worker (1) is unable to work or is unavailable for fulltime work, * * * shall be entitled to receive a notice of the claims adjudicator's determination, or reconsidered determination, if any, which relates to the ineligibility alleged to exist, but not with respect to any week or weeks which occurred prior to the week in which such form is received. The employing unit shall be entitled to prosecute an appeal to a Referee from such determination or reconsidered determination."

■■ If strictly applied to this case, Regulation 14 B would preclude plaintiff from raising the issue of voluntariness, because he mailed his notice to the Department in 10, rather than the prescribed seven days. However, given the circumstances present in the instant case, we believe that fundamental fairness requires that the Department's rule be relaxed here.

Although not precisely on point, we believe the Fourth District's recent decision in *Angelo v. Board of Review* (1978), 58 Ill. App. 3d 50, 373 N.E.2d 858, is authority for our holding in the case at bar. In *Angelo*, one of the claimants filed an appeal from the adjudicator's determination in 10 days rather than the nine days allotted by the applicable rule. (See Ill. Rev. Stat. 1975, ch. 48, par. 470.)[1] She admitted receiving notification late in the final day for filing an appeal. The court construed the statute in such a way as to entitle a claimant a reasonable period of time after receipt of

---

[1] This statute is set forth in the fact portion of this opinion.

mailed notification to file an appeal, despite a failure to literally comply with the delineated time limit. The court held that principles of due process dictated that plaintiff be entitled to an evidentiary hearing in order to determine the truthfulness of her allegations regarding receipt of notification.

Although defendant contends that *Angelo* is limited to situations in which a party alleges untimely receipt of the agency's notification, we do not believe that it must be so narrowly read. Rather, *Angelo* allows, under certain circumstances, a reasonable period of time during which a person may appeal the agency's determination, once he has received notification.

We believe the circumstances here justify a relaxation of literal compliance with the time limits set forth in Regulation 14 B, even though plaintiff has not alleged that the mailed notification was untimely. The record discloses that with the exception of the initial three-day delay of mailing of the notice of ineligibility, plaintiff acted promptly and in compliance with agency rules. We further note that the only record of the agency's notice to plaintiff on November 10, 1975, is a cryptic notation on claimant's record card. Reference to, and a reprint of Regulation 14 B appears in the record for the first time on January 26, 1976, in the notice of the claims adjudicator's determination.

From November 21, 1975, until March 2, 1976, plaintiff was lulled into the belief that the issue of voluntariness was being considered by the claims adjudicator and by the referee. Even at the hearing on February 20, 1976, the referee noted that plaintiff filed a timely appeal with respect to the period between November 2 and December 27, 1975. The referee asked several questions of plaintiff concerning claimant's reasons for leaving. It was only on March 2, 1976, when the referee mailed his findings to plaintiff that the latter learned that his appeal had to be dismissed concerning questions raised between November 2 and November 15, 1975, because he did not file a timely ineligibility notice.

■■ Furthermore, we take judicial notice of the Department of Labor's publication entitled "A Guide to the Illinois Unemployment Insurance Act" which states *inter alia*:

"Even though an employer does not send a Notice of Possible Ineligibility within the proper time limit, the claims adjudicator may be able to use the information disclosed on a late notice in making his determination or in reconsidering a determination already made. An employer should, therefore, send a notice if he believes the claimant to be ineligible, even though the seven-day period has expired."

We read this excerpt to mean that a claims adjudicator may make an independent reconsideration as to a claimant's eligibility even if an employer has been late in giving his notice. We see no indication in the

170

record that the adjudicator ever made such a reconsideration and the facts here would seem to warrant one. The claimant stated on his application that he quit his job. Furthermore, there is conflicting information on the various forms filled out by claimant as to who was his last employer, when was his last day of work and why he left.

Plaintiff also contends that there are certain items missing from the record of the administrative proceedings which are necessary for our determination. In particular, plaintiff alleges that the missing notice of the referee's hearing which advised him of the issues to be considered at that hearing, would enhance his contentions with regard to the issue of voluntariness. Since it is necessary for us to reverse and remand this cause for further hearing, we direct that this missing notice be inserted into the record. See *Shallow v. Police Board* (1978), 60 Ill. App. 3d 113, 376 N.E.2d 1025.

Because of our disposition of this matter, it is not necessary for us to reach the other issues raised by plaintiff. For the foregoing reasons, we reverse the judgment of the circuit court and remand this cause with directions to the circuit court to reverse the finding of the Board of Review and to direct the referee to hold a new hearing with plaintiff as a party, on the issue of voluntariness.

Reversed and remanded with directions.

LORENZ and MEJDA, JJ., concur.