HERBERT L. THOMPSON, Plaintiff-Appellant, *v.* ILLINOIS CIVIL SERVICE COMMISSION, *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 77-1394

Opinion filed July 25, 1978.

Blum, Field & Marbell, of Chicago (Eva Field, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Terry Troy and James A. Beaudry, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The plaintiff, Herbert L. Thompson, appeals from an order dismissing his complaint for administrative review of action taken by the Civil Service Commission dismissing him from his position as a computer operator IV with the Department of Labor. The issue for review is whether the 35-day period for filing a complaint prescribed in section 4 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 267) begins when the decision is mailed by certified mail, return receipt requested, or when the decision is received by such mode.

After a hearing on January 21, 1977, a hearing officer determined that charges against plaintiff had been proved and recommended that he be discharged from his position as a State employee. That decision was approved by the Civil Service Commission on February 17, 1977. A copy of the decision was mailed to plaintiff's attorney by certified mail, return receipt requested, on February 18, 1977, and it was received by his attorney on February 22, 1977. On March 28, 1977, 38 days after notice

was mailed, but 34 days after notice was received, plaintiff's attorney filed a complaint seeking judicial review of the discharge pursuant to the Administrative Review Act.

On April 26, 1977, defendants, the Civil Service Commission and Department of Labor of the State of Illinois, filed a motion to dismiss the complaint pursuant to section 4 of the Act, alleging the complaint was not timely filed. The hearing on the motion was scheduled for May 19, 1977, at 9:30 a.m., but neither plaintiff nor his attorney appeared. An order was entered granting the motion to dismiss based on the failure of plaintiff to file a complaint within the 35-day period.

Plaintiff's attorney filed a motion to vacate the order of dismissal on June 17, 1977, in which she stated she had failed to appear at the hearing on May 19, 1977, because she had mistakenly noted the time as 2 p.m. on her calendar rather than 9:30 a.m. She alleged plaintiff was in no way at fault and had a meritorious defense on the motion to dismiss.

On June 28, 1977, a hearing on the motion to vacate was held, and the court denied the motion stating that the order dismissing the complaint was based on the failure to comply with the statutory limitations rather than the failure of plaintiff or his attorney to appear.

Plaintiff first contends that the order of dismissal failed to specify the grounds for the entry of the order and argues the only basis of dismissal was the failure of plaintiff or his counsel to appear in court. But a review of the order established that the complaint was dismissed for failing to timely perfect judicial review. The relevant portions of the order state:

"This matter coming to be heard on Defendants' Motion to Dismiss for failure to file a Complaint in Administrative Review within 35 days, * * * it is hereby ordered, adjudged and decreed that the Motion to Dismiss is granted and the Complaint is dismissed."

Plaintiff, however, contends that the complaint was properly filed within the 35 days allowed by section 4 of the Act. (Ill. Rev. Stat. 1975, ch. 110, par. 267.) That section provides in relevant part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either *when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his last known* residence or place of business." (Emphasis added.)

The Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b101 *et seq.*)

which is the basis for this action does not specify a mode of service and expressly relies on the Administrative Review Act for matters of judicial review. Ill. Rev. Stat. 1975, ch. 127, par. 63b111a.

In the recent case of *A-1 Security Services, Inc. v. Stackler*, (1st Dist. 1978), 61 Ill. App. 3d 285, 377 N.E.2d 1199, the court held that where notice of a decision is sent by mail which requires the addressee to sign for the item, service is effective when received; however, we must respectfully disagree. There, the court relied primarily on language in *Pearce Hospital Foundation v. Public Aid Com.* (1958), 15 Ill. 2d 301, 306, 154 N.E.2d 691, wherein the court stated that judicial review was available only within 35 days after the aggrieved party had "received" the administrative decision. However, a review of that case suggests that the use of the word "received" was not used in the context applied in *Stackler* because there was no discussion of the issue involved here.

The court in *Stackler* also appeared to assert there is a presumption that an administrative order is deemed to be received the same day it was sent, citing *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1st Dist. 1976), 40 Ill. App. 3d 869, 353 N.E.2d 253. A reading of that case shows that this is an erroneous interpretation. Rather, *Orrway* stands for the proposition that an order is merely presumed to be received, not received the same day, if it is properly mailed. It is also authority for the proposition that an order is deemed to be served when properly mailed. 40 Ill. App. 3d 869, 872.

Plaintiff in this case cites *Davis v. Wilson* (1st Dist. 1968), 96 Ill. App. 2d 225, 238 N.E.2d 237, and *Klaren v. Board of Fire and Police Commissioners* (2d Dist. 1968), 99 Ill. App. 2d 356, 240 N.E.2d 535, as authority for his position, but in neither case is there comment on the instant issue. In *Davis* the court held that the 35-day period within which plaintiff had to file his complaint commenced, not with the date of the decision, but with the date of his "notification"; in *Klaren* the court, at page 363, indicated that the 35-day period began on the date a copy of the decision was "served on plaintiff's attorney." However, neither court defined the words used.

We note that in the abstract opinion of *Consolidated Packaging Corp. v. Illinois Fair Employment Practices Com.* (1st Dist. 1975), 31 Ill. App. 3d 863, 335 N.E.2d 131 (abstract), the court did not discuss the issue on review here; but it did find that the 35-day period began on the same day the Commission mailed a copy of the order to plaintiff.

A case which considers the issue raised is *In re City of Pewaukee* (1976), 72 Wis. 2d 593, 241 N.W.2d 603, in which the supreme court of Wisconsin construed a statute requiring an action for judicial review to be filed within 30 days after serving a petition either personally or by registered mail (Wis. Stat. Ann. §227.16(1) (1957)). The court concluded that the

plain meaning of the statute required filing within 30 days of mailing and not within 30 days of receipt.

We are cognizant of the case of *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, wherein our supreme court construed the notice provision of the landlord and tenant statute (Ill. Rev. Stat. 1975, ch. 80, par. 10) which permitted service by certified mail with a returned receipt signed by the addressee. The court held that service was not effective until notice was received. It stated that the apparent purpose of statutorily requiring the returned receipt is to facilitate proof of service, and the inclusion of the provision in the statute indicated a legislative intent that service is not to be considered complete until it is received by the addressee. The court noted that similar provisions had been adopted in Supreme Court Rules 105(b)(2) and 284.

The court distinguished the holding in *Sjostrom & Sons, Inc. v. D. & E. Mall Restaurant, Inc.* (2d Dist. 1975), 29 Ill. App. 3d 1082, 332 N.E.2d 62, wherein service was deemed to be effective when mailed, because the notice provision in that case did not require a returned receipt.

In the case at bar, which is similar to *Sjostrom*, section 4 of the Administrative Review Act does not require a returned receipt where service is effected by mail. Rather the explicit language of section 4 states that a decision is deemed to have been served when deposited in the mail; it makes no exception for mail which requires the addressee to sign for it.[1]

■■ ■ There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585.) Although we note the widespread use of certified mail to effect service and the desirability for uniformity of notification, it is the duty of the legislature to make such a clarification, and this court cannot supplant the plain meaning of the statute. We conclude that the 35-day period begins on the date the notice is mailed, and plaintiff therefore did not timely perfect his claim for administrative review.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and BROWN, J., concur.

---

[1] It is apparent that a different situation might exist if the aggrieved party could show that he never received the mail concerning an adverse administrative decision. *Winkfield v. American Continental Insurance Co.* (1st Dist. 1969), 110 Ill. App. 2d 156, 160, 249 N.E.2d 174.