DR. JIMMY CHIN, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 79-399

Opinion filed November 27, 1979.

Bernard Brody, of Chicago (Allan A. Ackerman, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Thomas C. O'Laughlin, Special Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Dr. Jimmy Chin, appeals from an order of the circuit court of Cook County dismissing his complaint for administrative review of a

decision of defendants, the Illinois Department of Public Aid and its director, Arthur F. Quern, terminating plaintiff's participation as a medical vendor in the Medical Assistance Program. The sole issue presented for review is whether the 35-day period for filing a complaint under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) begins to run on the date the agency decision is deposited in the mail or on the date the decision is received by the party affected by the decision.

We affirm.

Plaintiff is a licensed physician in Illinois and in March 1978 was a vendor of goods and services under the Medical Assistance Program which is administered by the Illinois Department of Public Aid (hereinafter Department).[1] (Ill. Rev. Stat. 1977, ch. 23, par. 5—1 *et seq.*) In March 1978 the Department issued to plaintiff a notice of termination from the Medical Assistance Program. The Department further notified plaintiff of his right to a hearing and of the alleged grounds for the intended termination. In the "Statement of Grounds" the Department alleged that plaintiff, while at Mohawk Medical Center, prescribed for people receiving medical assistance, medications which the Department had determined to be substantially in excess of the needs of said people and/or that plaintiff had rendered services that were of grossly inferior quality. Hearings were held on March 22, April 12 and May 10, 1978, and thereafter a hearing officer found that the charges against plaintiff were proved and recommended that plaintiff's participation in the Medical Assistance Program be terminated. On July 8, 1978, the Department followed the recommendation of the hearing officer and issued a decision terminating plaintiff as a vendor under the program. A copy of the decision was deposited in the United States mail at Springfield, Illinois, on July 10, 1978. The decision was addressed to plaintiff at his last known address in Chicago, Illinois, and was sent by certified mail, return receipt requested. Plaintiff received the decision in California on July 19, 1978. On August 21, 1978, which was 42 days after the decision was deposited in the mail, plaintiff filed a complaint for administrative review in the circuit court of Cook County. Plaintiff alleged that the findings and conclusions of the hearing officer were erroneous and contrary to the manifest weight of the evidence.

On September 28, 1978, defendants filed a motion to dismiss the complaint for failure to file the complaint within 35 days after the

---

[1] The Medical Assistance Program is a program designed to provide essential medical care and rehabilitative services to persons receiving basic maintenance grants under the Public Aid Code and to other persons who are unable to meet their essential medical needs. The Department governs the dispensing of medical services and negotiates with the various dispensers (medical services vendors), the fees which will be paid by the Department for such services.

administrative decision was mailed to plaintiff as provided in section 4 of the Administrative Review Act. Ill. Rev. Stat. 1977, ch. 110, par. 267.

On November 2, 1978, the trial court denied the motion to dismiss. On November 28, 1978, defendants filed a motion to reconsider, citing *Thompson v. Illinois Civil Service Com.* (1978), 63 Ill. App. 3d 153, 379 N.E.2d 655. This court held in *Thompson* that the 35-day period for filing a complaint under the Administrative Review Act begins when the decision is mailed rather than when the decision is received by the party affected. On December 20, 1978, the trial court granted the motion to reconsider and further granted defendants' motion to dismiss the complaint.

■■ Section 11—8.7 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—8.7) expressly provides that the Administrative Review Act governs judicial review of agency decisions with respect to the Medical Assistance Program. Section 4 of the Administrative Review Act requires a plaintiff to file a complaint for administrative review "within 35 days from the date that a copy of the decision sought to be reviewed *was served* upon the party affected thereby." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110, par. 267.) The 35-day limitation is a jurisdictional requirement and is a bar to judicial review if not satisfied. (Ill. Rev. Stat. 1977, ch. 110, par. 265; *Sobel v. Board of Education* (1977), 50 Ill. App. 3d 371, 376, 365 N.E.2d 693; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 478-79, 350 N.E.2d 6.) Section 4 of the Administrative Review Act further provides in pertinent part:

> "The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his last known residence or place of business." (Ill. Rev. Stat. 1977, ch. 110, par. 267.)

The Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 1—1 *et seq.*), which governs the procedure before the Department, does not specify a method of service. Thus, the method of service provided in section 4 is applicable to the case at bar.

■■ The plain language of section 4 provides that a decision shall be deemed to be served either "when personally delivered *or when deposited in the United States mail,* * * * addressed to the party affected thereby at his last known residence or place of business." (Emphasis added.) This court recently held in *Thompson v. Illinois Civil Service Com.* that the 35-day period begins on the date the decision is deposited in the mail. We based our decision in *Thompson* on the plain words of

section 4 and on the fact that section 4 does not require a returned receipt where service is effected by mail. Plaintiff has not presented this court with a reason to depart from the holding in *Thompson.* Plaintiff cites *A-1 Security Services, Inc. v. Stackler* (1978), 61 Ill. App. 3d 285, 377 N.E.2d 1199, as authority for the view that service is deemed effective only upon receipt of a copy of the administrative decision. However, *Stackler* was distinguished in *Thompson* and is distinguishable from the case at bar. In *Stackler* the act governing the procedure before the administrative agency in question provided for service by personal delivery or registered mail. (Ill. Rev. Stat. 1975, ch. 38, pars. 201—17 and 201—21.) Since the governing act provided a method of service, section 4 of the Administrative Review Act was not applicable. The court in *Stackler* held that because the applicable provision required registered mail and because registered mail requires the addressee to sign for the item in acknowledgment of delivery, the date of receipt was deemed the date of service. As we previously stated in *Thompson,* section 4 of the Administrative Review Act does not specify that registered or certified mail should be used and it does not require a returned receipt. This court cannot encroach upon the province of the legislature and supplant the plain words of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) Thus, we conclude that the trial court did not err in dismissing plaintiff's complaint which was filed 42 days after the decision was deposited in the mail. Since plaintiff did not comply with the jurisdictional requirement of section 4, judicial review was barred.

■■ ■ Plaintiff further contends on appeal that interpreting the 35-day period as commencing with mailing rather than receipt deprives plaintiff of his due process right of an opportunity to be heard. Plaintiff did not raise this issue in the trial court and thus waives the issue for purposes of appeal. (*Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1046, 363 N.E.2d 460.) Even if waiver was not imposed, enforcement of the 35-day limitation would not violate plaintiff's right to due process because plaintiff had at least 26 days in which to file a complaint for administrative review. Courts have held that shorter periods of time for filing are reasonable and not violative of due process. For example, a nine-day period in which to appeal an adverse decision by the Department of Labor was upheld in *Gutierrez v. Board of Review, Department of Labor* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115, and in *In re Application of County Treasurer* (1975), 26 Ill. App. 3d 753, 326 N.E.2d 120, the court held that the plaintiff's due process rights were not violated where the plaintiff had seven days after receiving notice in which to contest a tax assessment. It appears that due process would be denied only if the party could show that notice was not received within the 35-day period (*Winkfield v. American Continental Insurance Co.* (1969), 110 Ill. App. 2d

156, 160, 249 N.E.2d 174, cited in *Thompson* at 63 Ill. App. 3d 153, 156 n.1) or if the decision was received at 4 p.m. on the last day to file an appeal (*Angelo v. Board of Review, Department of Labor* (1978), 58 Ill. App. 3d 50, 373 N.E.2d 858). The court in *Angelo* held that due process requires that plaintiff have a reasonable time after receipt of notification in which to file an appeal. In the case at bar plaintiff had ample opportunity in which to file an appeal and obtain judicial review of the adverse agency decision. Thus, we conclude that plaintiff's right to a fair hearing was not violated.

Based on the foregoing we affirm the order of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.