PHILLIP R. THOMPSON, Plaintiff-Appellant, *v.* E. ALLEN BERNARDI *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—358

Opinion filed February 17, 1983.

Bell, Boyd & Lloyd, of Chicago (Charles G. Albert, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Orisha Kulick Zeliski, Assistant Attorney General, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Phillip Thompson, appeals from an order of the circuit court dismissing his complaint for administrative review (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) for want of jurisdiction because of his failure to file the complaint "within 35 days from the date that a copy of the decision sought to be reviewed was served upon [him]." (Ill. Rev. Stat. 1981, ch. 110, par. 3—103.) The sole issue is whether the trial court erred in concluding that plaintiff did not file his action for administrative review within the jurisdictional time limit.

The Administrative Review Act (the Act) governs appeals from decisions of the defendant, the Board of Review of the Illinois Depart-

ment of Labor (the Board). (Ill. Rev. Stat. 1981, ch. 48, par. 520.) The Act provides:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency ***." (Ill. Rev. Stat. 1981, ch. 110, par. 3—103.)

The applicable notice statute, section 804 of the Unemployment Insurance Act, states that notice of the Board's decisions "may be given and be completed by mailing the same to the last known address of the person entitled thereto." Ill. Rev. Stat. 1981, ch. 48, par. 474.

On May 21, 1981, plaintiff filed a complaint for administrative review of a decision by the Board denying him unemployment compensation. Defendants responded with a motion to dismiss for want of jurisdiction. The motion to dismiss alleged that the Board served plaintiff with a copy of its decision by mailing it to him on February 20, 1981, and that his right to appeal expired 35 days later. Plaintiff answered that he did not receive a copy of the decision by mail and was in fact unaware that any decision had been made until April 17, 1981. He argued that the 35-day period for filing a notice of appeal did not begin to run until April 17, 1981, when he discovered the entry of the decision.

The trial court held a hearing on the questions whether the Board had in fact mailed the decision to plaintiff and, if so, whether plaintiff could rebut the presumption that he had received it. At the hearing three employees of the Board, its chief hearing referee and two clerical staff members, testified in detail about the Board's procedures to insure that its decisions are mailed to the parties. Defendants introduced into evidence a list of those decisions that the Board issued and mailed on February 20, 1981. This list included the decision in plaintiff's case. Defendants also introduced into evidence a copy of plaintiff's decision, which bore the date stamp "February 20, 1981" indicating that the decision had been mailed to the parties on that date.

Plaintiff was then called by defendants as an adverse witness. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102.) He acknowledged that the address shown on the decision was his mailing address and that he had on prior occasions received mail from the Department. However, he denied having received a copy of the decision. Plaintiff said that he had repeatedly called the Board, but was not told that a decision had been made in his case. When he called on or about April 16, 1981, an

unidentified employee told him that a decision had been made, but refused to disclose any details to him over the telephone. Plaintiff thereupon asked his attorney to check the status of his case. On April 17, 1981, the attorney informed him that the Board had rendered an adverse decision, which plaintiff appealed within 35 days from that date. The trial court noted the difficulty of proving that a mailed document was actually received and of rebutting the presumption of receipt that arises from proof of mailing. After taking the matter under advisement, the trial court granted defendants' motion to dismiss and plaintiff has appealed.

Plaintiff's contention on appeal is that when a party who wishes to appeal from an adverse decision of an administrative agency fails to receive a copy of the administrative decision, the 35-day jurisdictional time limitation for filing a complaint cannot begin to run until that party receives actual notice of the decision. His theory is that the trial court's dismissal of his complaint as untimely must have been premised upon a finding that the date of mailing, rather than the date of receipt, determines the date when the 35-day period begins to run. (See *Chin v. Department of Public Aid* (1979), 78 Ill. App. 3d 1137, 398 N.E.2d 135, and *Thompson v. Civil Service Com.* (1978), 63 Ill. App. 3d 153, 379 N.E.2d 655, holding that where the administrative agency is required only to give notice of its decisions by regular mail, and the party aggrieved by the decision actually receives it within the 35-day period, the period begins to run on the date the decision was mailed. In a footnote in *Thompson,* the court suggested that the result might be different if the aggrieved party could show that he never received the mail concerning the adverse administrative decision.) Plaintiff reasons that he would be denied due process if the period for appealing were allowed to expire before he received notice that a decision had been made.

■ We need not address the issue as framed by plaintiff because we believe it is premised on a faulty rationale. Plaintiff has made the assumption that in rebutting the presumption of receipt of the Board's decision by denying it, he simultaneously proved that he did not receive notice of the decision until April 17, 1981. However, plaintiff's assumption is not consistent with the law. Having rebutted the presumption of receipt, plaintiff may yet have failed to avoid the jurisdictional impact of his failure to file his complaint within 35 days of the decision's mailing. As stated in *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 872, 353 N.E.2d 253, 255, citing *Winkfield v. American Continental Insurance Co.* (1969), 110 Ill. App. 2d 156, 160, 249 N.E.2d 174, 176, "the mailing of

a properly stamped and properly addressed letter raises a presumption that the letter was received by the addressee. If the addressee denies the receipt of the letter then the presumption is rebutted and *receipt becomes a question to be resolved by the trier of fact.*" (Emphasis added.) Therefore, we will review the evidence presented by plaintiff on the factual question of his receipt of notice of the Board's decision.

Plaintiff testified at the hearing that he did not receive notice of the Board's decision, although on prior occasions he had received mail from the Department of Labor at his mailing address and, in general, he had no difficulty with his mail at that address. He further alleged that he continuously called the Board on unspecified dates and spoke with unknown persons who erroneously advised him that no decision had been made in his case, until his telephone call on April 16, 1981.

■ It was the duty of the trier of fact to assess plaintiff's credibility. The trial court was not bound to believe plaintiff but could, in its discretion, either accept or reject his testimony. As a court of review, we will not interfere with the trial court's resolution of the factual issue of whether plaintiff received the decision. In this case, the trial court rejected plaintiff's testimony, finding that he in fact had timely notice of the Board's decision and that his complaint was not filed until after his right to administrative review had expired.

The instant case is distinguishable from those cases cited by plaintiff (*e.g., Chin v. Department of Public Aid* (1979), 78 Ill. App. 3d 1137, 398 N.E.2d 135, and *A-1 Security Services, Inc. v. Stackler* (1978), 61 Ill. App. 3d 285, 377 N.E. 2d 1199) wherein the aggrieved parties were able to prove conclusively the date on which they received the notice in question because it had been sent by registered or certified mail, return receipt requested, which specified the date of delivery to them. In this case, plaintiff's only means of proving or disproving receipt of notice was his own testimony, which the trial court was not obligated to believe.

The judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P.J., and JOHNSON, J., concur.