RONALD SCHLOBOHM, Plaintiff-Appellant, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—34

Opinion filed March 13, 1984.

Donald T. Bertucci, of Chicago, for appellant.

James D. Montgomery, Acting Corporation Counsel, of Chicago (Jerome A. Siegan and Frank W. Nagorka, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

After a hearing, the Police Board of the city of Chicago (Board) suspended Ronald Schlobohm, a Chicago police officer, for 2½ years for violating departmental rules. Schlobohm's action for administrative review of the Board's decision was dismissed on the Board's motion. Schlobohm appeals.

The order from which the appeal is taken is a dismissal based upon procedural grounds and the sole issue to be considered on appeal is whether the 35-day administrative review filing requirement (Ill. Rev. Stat. 1981, ch. 110, par. 267) was properly applied in this case.

On June 8, 1979, Schlobohm was notified of six charges placed against him and that he was suspended pending the Board's hearing. The hearings began on August 4, 1981, during which police officers testified with respect to the merits of the charges. At the end of the testimony, the parties presented a stipulation to the hearing officer. In the stipulation, the superintendent of police withdrew certain charges; Schlobohm admitted certain others; and the parties stipulated to what certain other testimony would reveal. The parties also produced, as a joint exhibit, all of Schlobohm's honorable mention certifications.

In a written decision dated March 11, 1982, the Board found Schlobohm guilty of two of the charges, suspending him from June 8, 1979, the date of the prehearing suspension, to December 8, 1981. The Board made no findings regarding the remaining charges. The superintendent of police acknowledged receipt of the decision on March 11, 1982.

According to Schlobohm's affidavit, he received a post office notice of attempted delivery of a "registered" letter on March 19, 1982, on which date he went to the Norwood Park station and retrieved the letter. It contained the Board's decision. He contacted his attorney on March 22, 1982, and, in response to the latter's question, advised him that the envelope bore a postmark of March 17, 1982. Neither Schlobohm nor his counsel ever produced the envelope. Schlobohm's attorney filed a complaint for administrative review on April 21, 1982, based upon the supposition that the decision was mailed on March 17,

1982.

The Board claimed it deposited its decision in the United States mail on March 15, 1982, contending that Schlobohm's complaint should have been filed by April 19, 1982. It filed a motion to dismiss for lack of jurisdiction because the complaint was not filed within the 35-day period allowed by the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 267). The Board's motion was supported by the affidavit of the Board's chief clerk to the effect that she: addressed the envelope to Schlobohm on March 15, 1982; inserted the Board's findings and decision therein and sealed it on that date; prepared the certified mail return receipt and affixed it to the envelope; and deposited it in the police department mail room at 1121 South State Street, Chicago, on March 15, 1982. A police officer assigned to that mail room averred by affidavit that he deposited the letter in the United States mail on March 15, 1982. A third affidavit was later filed by the Board in support of its motion which verified the accuracy of an exhibit attached which consisted of a United States Post Office acceptance of registered and certified mail, among other types of mail. The exhibit shows that mail receipted for by personnel of the United States Post Office on March 15, 1982, included 14 certified letters, showing names, addresses and fees, the seventh one of which was a police board letter addressed to Schlobohm. The date of receipt for mailing of these 14 letters was shown as March 15, 1982.

Schlobohm's affidavit claimed that he had no knowledge of the March 15, 1982, mailing date. He stated the envelope did not contain a dated cover letter. Other evidence revealed that one side of the certified letter's receipt card contained the phrase "Schlobohm, #1078, Findings, 3-15-82." Schlobohm maintained, however, that this phrase was concealed from him because the receipt card was taped onto the envelope, with the phrase side face down and was removed and retained by a post office employee.

The circuit court first denied the motion to dismiss, apparently because of the confusion surrounding the mailing date. During the course of the hearing, however, the court reversed itself and granted the motion to dismiss, concluding that it did not have jurisdiction to review the Board's decision by reason of the late filing.

Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 267) provided that a party had 35 days, from the date a final administrative decision was served on him, in which to commence an action to review that decision. The method of service of the decision shall be "as provided in the Act governing the procedure *** , but if no method is provided *** when personally delivered or when deposited in

the United States mail ***." (Ill. Rev. Stat. 1981, ch. 110, par. 267.) The Police Rules and Regulations of the city of Chicago, which govern procedure in such actions, provides for a method of service of the charges but makes no provision for service of the Board's decision so that the Administrative Review Act applies. Since service in this case was not personally made, under the Act it was served when deposited in the United States mails. (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842; *Thompson v. Illinois Civil Service Com.* (1978), 63 Ill. App. 3d 153, 379 N.E.2d 655.) The language of section 4 makes no exception for certified or registered mail.

Schlobohm maintains that he has fulfilled the requirements of the statute since his complaint for administrative review was filed on April 21, 1982, the 35th day prescribed by section 4 as calculated from March 17, 1982, the alleged postmarked date on the envelope. He asserts that because there was no dated cover letter in the envelope or a date on the return receipt card taped to the envelope visible to him, he had no knowledge of the March 15, 1982, mailing date and it was unfair to calculate the 35-day period from March 15, 1982.

In a bench trial it is within the province of the circuit court to resolve inconsistencies and conflicts. A court of review will not substitute its judgment on these matters unless the findings are against the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624; *MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 235, 445 N.E.2d 418.) If the evidence before the trial court is documentary in nature, as in this case, however, a reviewing court is not bound by the circuit court's findings and may reach an independent decision on the facts. *Delasky v. Village of Hinsdale* (1982), 109 Ill. App. 3d 976, 980, 441 N.E.2d 367; *Northern Trust Co. v. Tarre* (1980), 83 Ill. App. 3d 684, 690, 404 N.E.2d 882, *rev'd on other grounds* (1981), 86 Ill. 2d 441.

A postmark placed by postal authorities on the envelope of a letter is some evidence that the letter was not placed with the post office until the day shown on the postmark (*In re Estate of Powell* (1945), 63 Nev. 19, 24, 158 P.2d 545, 547); however, no conclusive presumption is raised as to the actual date of mailing by virtue of the postmark alone (*Shelburne Falls National Bank v. Townsley* (1869), 102 Mass. 177; 29 Am. Jur. 2d *Evidence* sec. 193 (1967); 30 Am. Jur. 2d *Evidence* sec. 1117 (1967); Annot., 25 A.L.R. 9, 21 (1923)). In the present case, however, the envelope bearing the alleged postmark was itself never produced. The only postmarked document submitted in evidence relates to receipt by Schlobohm of the certified letter from the Norwood Park station on March 19, 1982. The sole evidence of the alleged postmark

date on the envelope therefor came from Schlobohm's affidavit. Countervailing evidence submitted by the Board, aside from the certified mail receipt card, included a copy of a United States mail form signed by a post office employee showing that the Board's decision, addressed to Schlobohm, was received for mailing by the United States Post Office on March 15, 1982. Also submitted were affidavits of the Board's chief clerk that she placed the Board's decision in the envelope addressed to Schlobohm, sealed it and placed it in the mail room, and of the officer who delivered the envelope to the post office, both indicating March 15, 1982, as the date of mailing.

Schlobohm insists that he had no way of knowing when the Board's letter was placed in the mail, particularly since the certified mail receipt card which he signed on March 19, 1982, was taped face down on the envelope and only this portion of the card showed the date of March 15, 1982. Another date of record shown by Schlobohm's own documentary submission was March 11, 1982, the date of the Board's decision, and the date of the police superintendent's receipt thereof. The evidence also showed that Schlobohm retrieved the letter from the Norwood Park station on March 19, 1982, only after being notified that the mail was being held for him at the Norwood Park station. The foregoing series of dates, extending from March 11, 1982, to March 19, 1982, should have given Schlobohm, represented by counsel throughout this period, reason to have ascertained the date of mailing from the Board itself, if necessary, in order to protect his rights. The complaint, a brief three-page document containing usual and ordinary allegations necessary to administrative review, then could have been filed well within the 35-day period allowed by section 4.

The 35-day statutory period for filing a complaint for administrative review has been deemed jurisdictional in Illinois. (*Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691; *Thompson v. Illinois Civil Service Com.* (1978), 63 Ill. App. 3d 153, 379 N.E.2d 655; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 350 N.E.2d 6, *appeal denied* (1976), 63 Ill. 2d 564.) The circuit court's conclusion that it lacked jurisdiction to review the Board's decision was supported by sufficient evidence and applicable law; it therefore cannot be disturbed.

Affirmed.

STAMOS and DOWNING, JJ., concur.